UNITED STATES, Appellee,

v.

Darryl L. STANLEY, Private,
U.S. Army, Appellant.

No. 50230.
SPCM 18600.

U.S. Court of Military Appeals.

Jan. 27, 1986.

For Appellant: *Captain Pamela O. Barron* (argued); *Lieutenant Colonel Arthur L. Hunt, Captain Joel R. Maillie, Captain Karen S. Davis* (on brief); *Lieutenant Colonel William P. Heaston* and *Captain William T. Wilson.*

For Appellee: *Captain Laura G. Poston* (argued); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Major Larry D. Williams, Captain Denise A. G. Erickson* (on brief); *Captain Debbie J. O'Bryan.*

*Opinion of the Court*

PER CURIAM:

Appellant was tried by special court-martial composed of officer and enlisted members at Goeppingen, Germany. Pursuant to his pleas, he was convicted of possession of 3.42 grams of marihuana and, contrary to his plea, he was also convicted of sale of 7.51 grams of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His sentence to confinement for 3 months, forfeiture of $382 pay per month for 3 months, and a bad-conduct discharge was approved by the convening authority. The Court of Military Review affirmed in a short-form opinion.

We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED BY ALLOWING THE CHIEF GOVERNMENT WITNESS TO TESTIFY AS TO STATEMENTS HE ALLEGEDLY HEARD SPOKEN IN THE PRESENCE OF THE APPELLANT BY AN UNKNOWN DECLARANT.

Appellant was convicted as a principal to the sale of marihuana by Specialist-Four Jeffrey Ormond to a confidential informant, Specialist-Four Kenneth Fite. The sale occurred in the presence of appellant, Fite, Ormand, and Private Bill Dunmire. A few hours after the sale, all parties present during the sale were apprehended. Over timely defense objection, the military judge permitted the confidential informant to testify that after their apprehensions, he met with appellant, Ormand, Dunmire and another man—Hanson— and one of the persons present stated that they should get their "stories straight." Dunmire spoke up, saying, "They ain't got nothing on me. I didn't do anything." Appellant said nothing.

The military judge apparently admitted the statement concerning getting their "stories straight" as reflective of appellant's state of mind and as a statement of a co-conspirator in furtherance of a conspiracy. The statement was not admissible under either theory. Fite did not identify the declarant in his testimony, but it is clear from the context that the speaker was not Fite, Dunmire, or appellant. Thus, it must have been Ormond or Hanson. That Hanson may have been the declarant presents a problem, as he was not present during the sale; there was no evidence to indicate what connection, if any, he had with appellant or the sale or any conspiracy concerning the sale.

■ Under these facts, it cannot be said that the declarant's state of mind was indicative of appellant's state of mind. *See* Mil.R.Evid. 803(3). *Cf. United States v.*

*Ordonez*, 737 F.2d 793 (9th Cir.1984). Similarly, it cannot be determined from these facts that appellant was involved in a conspiracy with the unknown declarant so as to make the statement admissible as a statement of a co-conspirator. *See* Mil.R. Evid. 801(d)(2)(E).

■ The Government asserts on appeal that the statement came within Mil.R.Evid. 801(d)(2)(B), allowing receipt against appellant as "a statement of which the party has manifested the party's adoption or belief in its truth." We do not agree. While silence may be considered an admission under certain circumstances, it is clear that merely hearing the statement of a third person does not equate to adoption by silence. *See United States v. Flecha*, 539 F.2d 874 (2d Cir.1976). An inference of assent cannot "safely be made ... unless the circumstances are such that a dissent would in ordinary experience have been expressed if the communication had not been correct." Wigmore, *Evidence* § 1071 at 102 (Chadbourn rev. 1972) (footnote omitted). Here, it was just as natural for appellant to remain silent as to speak. If appellant's silence is interpreted as assent to anything, it could as easily be assent to the remark of Dunmire as to that of the unknown declarant.

■ After a careful review of the entire record, however, we are convinced that the erroneous admission of the ambiguous statement was harmless. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

The decision of the United States Army Court of Military Review is affirmed.