125 N.J. Super. 383 (1973)
311 A.2d 191
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MICHAEL CAPANO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 24, 1973.
Decided November 5, 1973.
*384 Before Judges HALPERN, MATTHEWS and BISCHOFF.
*385 Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Frank R. Krack, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney for respondent (Mr. Marc J. Friedman, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
After a jury trial defendant was found guilty of escape from Leesburg Prison Farm, contrary to N.J.S.A. 2A:104-6. On appeal he contends that three comments made by the prosecutor during summation denied him a fair trial. No objection was made to any of the remarks at trial. Therefore, they are reviewable only under the standard of the plain error rule. R. 2:10-2; State v. Farrell, 61 N.J. 99, 106 (1972).
Two of the comments in question referred to the nature of the Leesburg prison, as a minimum security prison, and the consequences to the community at large if prisoners failed to abide by its more liberalized rules. Such remarks were part of a fair review of the evidence adduced at trial. Furthermore, they came within the prosecutor's right to emphasize within reason the social consequences of the alleged crime. State v. Knight, 63 N.J. 187, 193-194 (1973). The third comment related to defendant's obstreperous behavior during trial. In the face of the overwhelming evidence of guilt, it is impossible to say that this brief comment had the capacity to deny defendant a fair trial. State v. LaPorte, 62 N.J. 312, 318 (1973).
Defendant also contends in a pro se supplemental brief that he was denied effective assistance of counsel. Prior to the start of trial defendant vigorously objected to the participation of assigned counsel. He was thereafter permitted to have a fellow inmate conduct the trial as lay counsel. (While we recognize a trial judge has discretion over the conduct of a trial, we expressly disapprove of the practice *386 of permitting lay counsel to participate in a trial.) Assigned counsel remained at counsel table throughout the trial, was available for consultation and did assist defendant during trial. The situation about which defendant complains was of his own creation. He cannot now take advantage of it. State v. Morse, 106 N.J. Super. 1 (App. Div. 1968); State v. Parsons, 83 N.J. Super. 430 (App. Div. 1964). Cf. State of Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970).
Affirmed.