UNITED STATES of America,
Plaintiff-Appellee,

v.

Daniel Harold BELL, Vernon James Jordan and Jerry Glenn Pendergrass, Defendants-Appellants.

No. 76–1442
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 21, 1976.

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Rudolph J. Inman, Jr., Jacksonville, Fla. (Court appointed), for Bell.

William T. Lassiter, Jr., Christopher A. White, Jacksonville, Fla., for Pendergrass & Jordan.

John L. Briggs, U.S. Atty., Ernest D. Mueller, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before THORNBERRY, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

Daniel Harold Bell, Vernon James Jordan, Jr., and Jerry Glenn Pendergrass have appealed from judgments of conviction for conspiracy to make false statements on two loan applications in violation of 18 U.S.C. § 371, and making and causing two false statements on loan applications submitted by Jerry Glenn Pendergrass and Vernon James Jordan, Jr., in violation of 18 U.S.C. § 1014 and § 2.

Appellants' first contention is that the trial court committed reversible error in permitting the prosecutor to refer to appellant Jordan's prior felony conviction[1] in his final argument to the jury.

> MR. MUELLER: Now, Ladies and Gentlemen, you've heard Mr. Jordan testify that he's already had a career in crime. His involvement in this affair represents just a shift to a more sophisticated type of crime, white collar crime. But Ladies and Gentlemen, it's still crime and it's just as bad.
>
> Is it possible to believe with Mr. Jordan's background in crime that he went into this—
>
> MR. LASSITER: Objection, Your Honor. I think that's highly prejudicial and improper argument. He's talking—that goes solely to the credibility of Mr. Jordan's testimony and not to any sort of scheme of conduct and I move that it be stricken and the jury be instructed to disregard it.
>
> THE COURT: The motion is denied. The Court will give the jury at the proper time, in a few minutes, the law with respect to the matter that Mr. Mueller is talking about at the present time.
>
> You can proceed.
>
> MR. MUELLER: Ladies and Gentlemen, before I was interrupted, I was saying, with this background, is it possible to believe that Mr. Jordan went into this venture with entirely innocent intentions?

Vol. II Record on Appeal, pp. 407–408. The allegedly improper statements could not have had any prejudicial effect upon appellants Bell and Pendergrass, since neither one of them had a criminal record prior to this trial. The same cannot be said with regard to appellant Jordan. While Jordan's criminal record may have been properly admitted for impeachment purposes during his cross-examination, we do not think it

---

1. Jordan was convicted of possession of burglary tools in North Carolina in 1967. He was also convicted of a felony in West Virginia that was reduced to a misdemeanor on appeal. Only the North Carolina conviction was allowed in evidence for purposes of impeachment. Trial Court transcript at 272–273.

was proper for the prosecutor to refer to an unrelated crime[2] in his final argument. The proper test to be applied where a prosecutor has engaged in improper argument is whether substantial rights of the defendant may have been affected. *United States v. Rhoden,* 453 F.2d 598, 600 (5 Cir. 1972), *citing Dunn v. United States,* 307 F.2d 883, 886 (5 Cir. 1962); *United States v. Rodriguez,* 503 F.2d 1370, 1371 (5 Cir. 1974). In spite of the fact that we disapprove of the prosecutorial statements alluding to Jordan's criminal record, we hold that the prejudicial effect of the alleged improper argument was slight, and amounted to harmless error in view of the overwhelming evidence of his guilt and the fact that the district court judge gave an instruction on the consideration which should be given to a felony conviction. *United States v. Taylor,* 530 F.2d 639, 643 (5 Cir. 1976); *United States v. Rodriguez, supra.*

Appellants' second contention is that the district court erred in excluding evidence that the loans in question were being repaid. This argument must also be rejected. "Proof that an applicant did not intend to defraud the bank is irrelevant to whether he intended to influence the bank by false statements." *United States v. Sabatino,* 485 F.2d 540, 544–545 (2 Cir. 1973), *citing United States v. Pesano,* 293 F.2d 299 (2 Cir. 1961).

AFFIRMED.

**2.** Jordan's prior conviction for possession of burglary tools is completely dissimilar to the offense that he is charged with in the present case, and does not come within the intent exception to the general rule precluding the admission of such evidence. For a case explaining the intent exception, *see United States v. Urdiales,* 523 F.2d 1245 (5 Cir. 1976).