LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of conviction and sentence on a plea of guilty to an indictment charging defendant with the crime of escape in the first degree defined and made a Class B felony by Code of Alabama 1975, § 13A-10-31. The punishment for a Class B felony is “not more than 20 years or less than 2 years.” § 13A-5-6.
Before accepting the plea of guilty, the court thoroughly questioned the defendant and the attorney who represented him and fully apprised the defendant of all of his constitutional rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 *1129 L.Ed.2d 274 (1969). A guilty plea, intelligently, voluntarily and understanding^ entered by an accused, waives all non-jurisdictional defects. Lancaster v. State, Ala.Cr.App., 362 So.2d 271 (1978), cert. denied, Ala., 362 So.2d 272; Mack v. State, 51 Ala.App. 611, 288 So.2d 150 (1974). Defendant had previously entered a plea of not guilty, but he made it clear to the court that he was voluntarily, intelligently and understandingly withdrawing the previous plea and entering a plea of guilty, which the court permitted him to do. We have no doubt the proceedings preliminary to the entry of the judgment of conviction and sentence met all constitutional and legal requirements and that the judgment appealed from is valid. There is no contention to the contrary. If there were nothing involved other than that which has been stated, we think there would be no need for an opinion and that the judgment of the trial court should be affirmed without an opinion.
That which prompts us to render this brief opinion is a copy of a letter from defendant to the trial judge, which is now in the transcript before us, filed with the Clerk of the Circuit Court within thirty days after the sentence, in which he requests reconsideration of the punishment imposed by the court and states inter alia, “The only reason I plead guilty in the first place is that I was threatened with life without parole by the District Attorney’s office.”
The court sentenced defendant to imprisonment for twenty years, which is the maximum provided for punishment for the crime charged in the instant case, a Class B felony. § 13A-5-6(a)(2).
In justice to the District Attorney’s office and in explanation to appellant and anyone else concerned, we attempt this explanation, which should disabuse appellant’s mind of any notion that he has been mistreated.
The transcript before us shows that prior to the sentence hearing, the State had given defendant written notice that it would proceed against him under the Habitual Felony Offenders Act (Code 1975, § 13A-5-9), and the State contended therein that defendant had been previously convicted of more than three felonies. At the sentencing hearing, the State withdrew its motion to proceed under the Habitual Felony Offenders Act. Under that Act, if it had been proved that defendant had been previously convicted of three felonies, the court would have found it necessary to sentence him to “imprisonment for life without parole,” for § 13A-5-9(c) provides:
“In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions he committed another felony, he must be punished as follows:
“(1) • • ■
“(2) • • •
“(3) On conviction of a Class A felony, he must be punished by imprisonment for life without parole.”
We are of the opinion that whatever information defendant and his attorney received from the District Attorney’s office as to the possible subjection by defendant to a sentence of life imprisonment without parole was not in the nature of a threat that would tend to nullify or adversely affect the validity and acceptability of defendant’s plea of guilty that otherwise, as we have stated, was voluntarily, intelligently and understanding^ entered.
Without the benefit of an understanding of all that transpired between the parties and their respective attorneys and in the absence of any point made by either party as to the action of the State in filing and thereafter withdrawing a motion to proceed under the Habitual Felony Offenders Act, we express no opinion as to what occurred in connection therewith.
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his *1130 opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.