**UNITED STATES of America, Appellee,**

v.

**Raynard CARROLL, Appellant.**

**No. 81–5176.**

United States Court of Appeals,
Fourth Circuit.

Argued March 4, 1982.

Decided May 27, 1982.

Joseph Kiel, Towson, Md., for appellant.

Richard E. Dunne, III, Asst. U. S. Atty., Baltimore, Md. (J. Frederick Motz, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, Chief Judge, ERVIN, Circuit Judge, and YOUNG,* District Judge.

HARRISON L. WINTER, Chief Judge:

A jury found defendant guilty of bank robbery, bank larceny, and assault with a dangerous weapon during a bank robbery, in connection with the armed robbery at the Savings Bank of Baltimore in Baltimore, Maryland on October 24, 1980. In defendant's appeal from the judgment entered on the verdict, the question presented is whether certain remarks made by the prosecutor during closing arguments to the jury constitute reversible error. We conclude that the remarks were improper and prejudicial, and that, under the facts of this case, the curative instructions given by the court were insufficient to dissipate the prejudice. Accordingly, we reverse and grant a new trial.

* Honorable Joseph H. Young, United States District Judge for the District of Maryland, sitting by designation.

## I.

The bank was robbed by three persons, two masked and one unmasked. The government sought to prove that the defendant was the unmasked robber. The government's evidence included the bank surveillance photographs of the holdup; the testimony of three bank employees and two persons who saw the getaway car, which defendant stipulated was owned by him; and a surgical glove seized from defendant's car. The photographs showed that one of the masked robbers wore a glove similar to the one found in defendant's car.

There was considerable uncertainty in the evidence identifying defendant as the unmasked robber. The bank manager described the unmasked robber as a black man with no facial hair, but could not identify the defendant at trial. One of the bank tellers made an out-of-court identification of the defendant from photographs as the one most resembling the unmasked robber, but could not identify him at trial. That teller described the robber as having had facial hair. Another teller made an in-court identification of the defendant after describing the robber as having had facial hair. She admitted that she had earlier identified him in two pictures which did not show facial hair, one of which was the surveillance photograph. Defendant's mother testified that defendant had always worn facial hair and that he had a front gold tooth, which none of the identification witnesses had mentioned. One of the two persons who saw the getaway car could make no identification, and the other could identify only defendant's "hair style." The defendant did not testify.

During closing arguments, the prosecutor noted that at one point during the trial defense counsel and defendant had, with the permission of the district court, approached and examined the blowups of the bank surveillance photographs. The prosecutor then stated:

> ... and if you will recall, it was the defendant who was doing most of the pointing. It was the defendant who was explaining to his lawyer what the pic-

tures were all about. It was the defendant who knew more about the pictures than the lawyer did. Now, I submit to you ... the reason he knew so much about those pictures is because he was in the bank there at the robbery. That's the only reasonable explanation. If there was an explanation, an innocent explanation, as to why he knew more about the pictures than his lawyer did, I honestly don't know what it is.

In order to register an objection, defense counsel immediately asked to approach the bench, but the district judge denied the request. After the prosecutor concluded his closing argument, defense counsel again asked to approach the bench. The district judge again declined the request and, further, admonished defense counsel to restrain himself and apologized to the jury for the "outbreak."

In its instructions, which were given approximately thirty minutes after the challenged argument, the district court advised the jury to disregard the prosecutor's comments on the defendant's examination of the photographs, and explained to the jury that both defendant and defense counsel had been provided copies of the photographs prior to trial.

## II.

It is clear that the prosecutor's reference to the courtroom behavior of the defendant was improper. It impugned defendant's Fifth and Sixth Amendment rights. Defendant had a Fifth Amendment right not to testify, and he elected to exercise that right. He also had a Fifth Amendment right not to be convicted except on the basis of evidence adduced against him. Defendant had not only a Sixth Amendment right to a trial by jury (and he elected to exercise that right also), but also the right to counsel, including the right to assist his counsel in his own defense. In tandem, defendant had the right to a jury trial at which, if he elected not to testify, the fact of his presence and his non-testimonial behavior in the courtroom could not be taken as evidence of his guilt.

When, as here, the prosecutor describes the courtroom behavior of a defendant who has not testified, and then goes on to tell the jury that it may consider that behavior as evidence of guilt, the prosecutor violates those rights. Moreover, he has introduced evidence of character—courtroom demeanor—solely to prove guilt. *United States v. Wright*, 489 F.2d 1181, 1186 (D.C. Cir.1973). But it is forbidden to introduce evidence of the character of the accused solely to prove guilt. Fed.R.Evid. 404(a). Therefore, the prosecutor erred in asking the jury to consider defendant's examination of the photographs as evidence of his participation in the bank robbery.

The prosecutor compounded the error of describing defendant's courtroom behavior as evidence of guilt when he also told the jury that it was defendant who was "explaining to his lawyer what the pictures were all about." The record is devoid of any evidence, aside from the prosecutor's assertion, that the defendant knew more about the photographs than did his lawyer. In *Berger v. United States*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), the Court reversed a conviction where the prosecutor claimed, without evidence in the record, that a particular witness knew the defendant, on the grounds that this statement contained "improper insinuations and assertions calculated to mislead the jury." *Id.* at 85, 55 S.Ct. at 632. Similarly, here, the argument that the defendant had been at the scene of the crime because he knew more about the photographs than did his lawyer was wholly improper since there was no evidence of the latter proposition. *United States v. Corona*, 551 F.2d 1386, 1389 (5 Cir. 1977).

The government argues that the prosecutor's remarks, even if improper, were cured by the district court's instructions to the jury. We reject the argument.

By allowing the prosecutor's remarks to pass uncorrected, over defense counsel's objection, for a not-inconsiderable period of time, the district court implied that the remarks were unobjectionable. This impression was reinforced by the district court's admonition to defense counsel and its apology to the jury for the "outbreak."

We do not doubt that if an improper statement, not elicited by the government, is made during trial, and if the admissible evidence of guilt is "solid and convincing," prompt and strong curative instructions may dissipate the error. *United States v. Johnson*, 610 F.2d 194, 196–197 (4 Cir. 1979). The same may be true when the improper statement is elicited by the government. But this is not such a case. The issue of identification was the central issue and the government had something less than an overwhelming case. The error was reinforced by the district court's admonition to counsel and its apology to the jury, and the curative instruction did not immediately follow on the heels of the prosecutor's improper argument. Accordingly, we think that, despite the curative instruction, there is more than a fair possibility that the improper argument contributed to defendant's conviction. *Fahy v. Connecticut*, 375 U.S. 85, 86–87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171 (1963).

REVERSED AND REMANDED.

JOSEPH H. YOUNG, District Judge, dissenting:

Although I agree with the majority that the prosecutor's remarks were improper, I respectfully dissent because I cannot agree on the effect of those improper remarks.

When improper remarks are made in closing argument, the major question is whether the argument complained of was so prejudicial as to deprive the defendant of a fair trial. *United States v. Young*, 618 F.2d 1281 (8th Cir.), *cert. denied*, 449 U.S. 844, 101 S.Ct. 126, 66 L.Ed.2d 52 (1980); *United States v. Bell*, 535 F.2d 886 (5th Cir. 1976). The remarks must be viewed in the context of the whole trial. *United States v. Bohr*, 581 F.2d 1294 (8th Cir.), *cert. denied*, 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978). The trial judge who heard the argument and the evidence adduced at trial is the best judge of whether the argument has resulted in lasting prejudice to the defendant. *Unit-*

ed States v. Leftwich, 461 F.2d 586 (3d Cir.), cert. denied, 409 U.S. 915, 93 S.Ct. 247, 34 L.Ed.2d 178 (1972); *Rogers v. United States*, 411 F.2d 228 (10th Cir. 1969).

In the instant case, the trial judge not only gave a curative instruction and advised the jury that the conduct of the accused to which the prosecutor referred in final argument was *not* evidence which they could consider,* he also gave an explanation as to why the defendant might have appeared to be familiar with the pictures, that is, that they had been provided during discovery. In addition, the trial judge was asked to consider the prejudicial effect of the argument in a post-trial motion. All this distinguishes the case at bar from *United States v. Wright*, 489 F.2d 1181 (D.C.Cir.1973), cited by the majority.

The majority seems to be bothered by the timing of the district court's attempt to cure, and the method chosen. The trial judge should have broad discretion to control the closing argument, and his decision as to how to cure should not be overturned unless there is a clear abuse of discretion. *Weddell v. Meierhenry*, 636 F.2d 211, 214 (8th Cir. 1980), cert. denied, 451 U.S. 941, 101 S.Ct. 2024, 68 L.Ed.2d 329 (1981); *United States v. Grabiec*, 563 F.2d 313 (7th Cir. 1977). *See also Harris v. United States*, 402 F.2d 656 (D.C.Cir.1968) (Burger, J.). I find no abuse of discretion, nor do I think that, in light of all the evidence adduced at trial, there was prejudice to the defendant that was not cured by the instruction given before the jury retired to deliberate.

For these reasons I would affirm the judgment entered on the defendant's conviction.

* The courtroom conduct of the accused to which the prosecutor referred in his argument was reflected in the record even though the defendant was not on the witness stand during his statements.