STATE of Wisconsin, Plaintiff-Respondent,

v.

Van G. NORWOOD, Defendant-Appellant.†

Court of Appeals

*No. 90-1548-CR. Submitted on briefs February 18, 1991.—Decided March 6, 1991.*

(Also reported in 468 N.W.2d 741.)

† Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Scott F. Anderson* of *Sodos & Kafkas, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *David J. Becker,* assistant attorney general.

Before Nettesheim, P.J., Brown and Scott, JJ.

BROWN, J.   We deem the primary issue raised by defendant Van G. Norwood to be whether his fifth amendment rights were violated when the prosecutor and the trial court made reference to his laughing during

the testimony of other witnesses. We hold that where there has been evidence adduced about a defendant's courtroom demeanor, there is no infirmity. We affirm on this and other issues raised.

Norwood was charged with sexually assaulting an eleven-year-old girl. His first conviction was overturned by this court on grounds unrelated to this appeal. During redirect examination of Teresa Hurd by defense counsel, both counsel and the court engaged in a colloquy which is reproduced as follows:

> MR. JAMBOIS [Prosecutor]: Your honor, I would request that the record show that on a number of occasions this defendant has been laughing during the course of the proceedings. I don't know what he's laughing about. The record should show that he was laughing when the victim's mother was testifying.
>
> MR. FITZGERALD [Defense Attorney]: I'm going to object.
>
> MR. JAMBOIS: And I would request that the defendant be instructed that this is not appropriate demeanor in a courtroom.
>
> THE COURT: I haven't seen the defendant laughing any other times. I saw him laughing now. And, please, sir, if you have some feelings, just keep them to yourself during the course of the testimony. And if you want to laugh when you get outside, feel free to do so, but not during the proceedings.

Later, during cross-examination of Norwood, the prosecutor asked him if he was laughing when the mother of the victim was being cross-examined by his attorney. An objection was overruled. A fair number of questions were asked of Norwood about this point which ended when Norwood admitted he was smiling but he denied laughing.

The prosecutor raised the issue again when the victim's mother regained the stand as a rebuttal witness. He asked what she observed about Norwood while she was giving her testimony earlier in the trial. Over objection, the mother replied: "He was laughing at me and giving me smart looks like—like he is now. Being real reluctant like he did not have a care in the world."

Finally, the prosecutor referred to Norwood's demeanor during closing arguments, wondering aloud how anyone could find it amusing to see the mother of an eleven-year-old testifying about a sexual assault upon the child.

We will address the issue on the merits even though the state argues waiver because of counsel's failure to state the basis for the objections. We do so because the nature of the objection was obvious enough such that the trial court could easily comprehend the legal issue involved and was in a position to rule on it.

Norwood cites *United States v. Carroll*, 678 F.2d 1208 (4th Cir. 1982), for the proposition that prosecutorial comment on a defendant's demeanor during trial is improper. There are several decisions in accord with *Carroll*. The state notes that there are an equal number of decisions holding that comment on the defendant's demeanor is permissible. *See, e.g., Wherry v. State,* 402 So. 2d 1130, 1133 (Ala. Crim. App. 1981).

We do not need to decide here which line of cases to follow. The *Carroll* court premised its holding on the rationale that comment during closing argument about the courtroom demeanor of a nontestifying defendant violates that defendant's "Fifth Amendment right not to be convicted except on the basis of evidence adduced against him." *Carroll,* 678 F.2d at 1209. Here, the comment during the closing argument on the defendant's

laughing was preceded by evidence of the laughing. The victim's mother testified about Norwood's laughing during her rebuttal testimony. Thus, this is not a case where the prosecutor relied on courtroom demeanor about which no evidence was adduced as was the situation in *Carroll.* Whether the prosecutor may refer to defendant's demeanor absent evidence about it must await a different case.

Although not raised by Norwood, we recognize that the prosecutor underscored Norwood's demeanor to the jury before evidence was submitted regarding it. However, we see no harm since the facts were eventually established by the evidence.

We reach two other issues. First, Norwood claims that the imposition of a more severe sentence upon retrial was improper since it was not justified by new objective factors. We will not reach the merits of this issue because Norwood never presented it to the trial court by postconviction motion or otherwise. Wisconsin law is clear that, absent compelling circumstances, a motion to correct the sentence should be directed to the trial court before the sentence is challenged on appeal. *State v. Meyer,* 150 Wis. 2d 603, 606, 442 N.W.2d 483, 485 (Ct. App. 1989).

Norwood reads the statutes to say that if a defendant files a motion before the trial court for sentence modification, that defendant forfeits the right to raise any other challenges on appeal. He cites sec. 973.19(5), Stats., interpreting it to say that a defendant who files a motion to modify the sentence "waives his or her right to file an appeal or postconviction motion under s. 809.30(2)." He claims that since he raised other issues, he did not have to go to the trial court first.

Norwood misreads the statute. Section 973.19, Stats., gives two alternative means to attack the sentence. One way is to simply move for modification of the sentence under sec. 973.19(1)(a). The defendant who uses this approach does not have to request the preparation of transcripts and may get a quicker answer from the trial court. The *quid pro quo* is that the defendant using this avenue of review forfeits his right to a full blown appeal allowing the challenge of issues additional to sentence modification. In citing sec. 973.19(5), Norwood neglected to cite the statute in full. The correct reading of the statute is that "by filing a motion under *sub. (1)(a)* the defendant waives his or her right . . .." Section 973.19(5) (emphasis added). If a defendant desires a full blown appeal with modification of sentence as one issue, then the defendant proceeds in accordance with sec. 973.19(1)(b). That section of the statute requires the preparation of transcripts and follows the regular appeal format. Under either alternative, a motion must first be made in the trial court if modification of sentence is an issue. Because no motion for modification was made in the trial court, the issue is not properly before us.

The last issue regards references to the woman living with Norwood at the time of the assault as a welfare recipient. He complains that this was a prejudicial appeal to "class prejudice." He cites *United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150 (1940), for the proposition that "appeals to class prejudice are highly improper and cannot be condoned and trial courts should ever be alert to prevent them." *Id.* at 239.

The state argues waiver and claims that even if we do not find waiver, the references were so limited and incidental that they cannot be considered to have influ-

enced the jury. We agree on both counts. Norwood's ex-fiancee was on the witness stand to offer an alibi for Norwood. On direct examination, she claimed that she was employed. On cross-examination, she admitted that she was on welfare. Although there was an objection, it was on general relevancy grounds, not the issue raised here. Later in the trial, Norwood was on the stand. On direct, he testified that he was a college student receiving trade adjustment benefits. On cross-examination, the prosecutor established that Norwood kept a post office box and attempted to impeach his credibility by questioning the motives of having a post office box and applying for benefits while residing with a welfare recipient. The objection was that the question was argumentative. During closing argument, the prosecutor mentioned in passing that the woman who lived with Norwood offered an alibi and was a welfare recipient. No objection was offered to this statement.

We conclude after reading the record that the defendant never raised the argument of "class prejudice." Rather, the defendant "opened the door" to the discussion by testifying to certain facts which the prosecutor attempted to contradict during cross-examination. We also conclude that the discussion was so limited that it could not reasonably be deemed to have improperly influenced the jury.

*By the Court.*—Judgment affirmed.