253 N.J. Super. 598 (1992)
602 A.2d 775
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LUISA RIVERA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 18, 1991.
Decided February 7, 1992.
*600 Before Judges KING, DREIER and GRUCCIO.
Wilfredo Caraballo, Public Defender, attorney for appellant (Katherine F. Graham, Designated Counsel, of counsel and on the brief).
Paul M. DePascale, Prosecutor Hudson County, attorney for respondent (Barbara Catrillo, Assistant Prosecutor, on the letter brief).
The opinion of the court was delivered by DREIER, J.A.D.
Defendant appeals from convictions of possession of cocaine, N.J.S.A. 2C:35-10a(1); possession with intent to distribute, N.J.S.A. 2C:35-5a(1) and 5b(3); distribution of cocaine, N.J.S.A. 2C:35-5a(1) and 5b(3); possession of cocaine, N.J.S.A. 2C:35-10a(1); and possession with intent to distribute, N.J.S.A. 2C:35-5a(1) and 5b(2). The two simple possession convictions were *601 merged into the convictions with intent to distribute. Since there were two events which gave rise to these convictions, Judge Rodriguez sentenced defendant to concurrent four-year terms for the first possession with intent to distribute and distribution, and to a consecutive seven-year term for the second possession of a larger amount of cocaine found when the police raided the premises. The principal point on this appeal is the right of the State to comment in summation upon defendant's demeanor during trial.
Defendant was initially identified by an undercover officer who purchased cocaine from her, and on a later date was apprehended after a raid on premises where she was found in possession of 25.79 grams of cocaine.
On this appeal defendant raises three points. He first claims that "[t]he prosecutor's comments made in summation had the clear capacity to deprive defendant of a fair trial. (Partially raised below)." Defendant then asserts additional points, not raised below, challenging the mandatory Drug Enforcement and Demand Reduction (DEDR) penalties of N.J.S.A. 2C:35-15. Finally, defendant claims that the trial judge imposed an excessive sentence.
Defendant challenges the prosecutor's summation in two respects. First, she disputes the prosecutor's reference to the fact that although defendant did not take the stand, the defendant could be seen crying during the trial. The prosecutor remarked that the jury should speculate whether she was also crying when she sold the cocaine to the undercover officer. Defendant claims that this comment infringed upon her right not to testify.
When defendant cried, she may have, in the words of State v. Fioravanti, 46 N.J. 109, 120-121, 215 A.2d 16 (1965), cert. denied, 384 U.S. 919, 86 S.Ct. 1365, 16 L.Ed.2d 440 (1966), engaged in "testimonial behavior before the jury," even if she did not take the stand. Her actions therefore could properly be the subject of fair comment. Id. at 121, 215 A.2d 16.
*602 We have little direct authority in New Jersey either supporting or prohibiting comment by the State on a defendant's behavior during trial. In State v. Capano, 125 N.J. Super. 383, 385, 311 A.2d 191 (App.Div. 1973), certif. denied, 64 N.J. 500, 317 A.2d 712 (1974), we noted that comment on defendant's "obstreperous behavior" was not error. However, a prosecutor may not comment upon the failure of a defendant to act in a particular way during a trial. State v. Johnson, 120 N.J. 263, 295-296, 576 A.2d 834 (1990) (failure to make eye contact with jurors during a trial); State v. Sims, 140 N.J. Super. 164, 176, 355 A.2d 695 (App.Div. 1976) (improper prosecutor's comment that officer walked up to defendants, pointed them out and looked at them, but defendants did not return his stare or say he was lying). Also, defendant's crying here falls far short of the full series of unsworn statements made by the defendant who acted as his own attorney in a closing statement to the jury in State v. Bontempo, 170 N.J. Super. 220, 240-242, 406 A.2d 203 (Law Div. 1979). There on a post-conviction relief application Judge Baime held that the prosecutor had properly been permitted to comment on defendant's unsworn remarks.
Out-of-state authority is split concerning comments on a defendant's demeanor during trial. Some cases have held that a defendant's display of emotion may be the subject of comment, or at least that comment thereon is not reversible error. See State v. Norwood, 161 Wis.2d 676, 468 N.W.2d 741, 742-743 (Ct.App. 1991) (defendant's laughter during the testimony of the rape victim's mother was noted in her testimony and later commented upon in the State's summation; held not to be error since the mother's testimony supplied evidence of the laughter, and no general rule concerning comment on a defendant's demeanor need be adopted); Campbell v. State, 65 Md. App. 498, 501 A.2d 111, 114-115 (1985), cert. denied, 305 Md. 599, 505 A.2d 856 (1986) (because defendant testified, demeanor evidence was not so improper as to warrant reversal); Black v. State, 402 So.2d 1128, 1132-1133 (Ala. Ct. App. 1981) (defendant who had alleged an insanity defense which prevented her from *603 talking and robbed her of all personality was observed during breaks talking to her family, walking around and acting normally; the State noted this behavior in summation, and the court stated that "[t]he conduct of the accused or the accused's demeanor during the trial is a proper subject of comment.") (emphasis in original); Frankoviglia v. Camp, 394 F. Supp. 1293, 1295-1296 (E.D.Mo. 1975), cert. denied, 424 U.S. 915, 96 S.Ct. 1115, 47 L.Ed.2d 320 (1976) (prosecutor requested that the jury compare defendant's crying during his attorney's plea for his life with the lack of emotion during testimony of the details of the murder; held to be at most harmless error); cf. Lesko v. Lehman, 925 F.2d 1527, 1544, 1554 (3rd Cir.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 273, 116 L.Ed.2d 226 (1991) (not specifically deciding whether the prosecutor's statements violated defendant's right not to testify or were "simply an appropriate reference to [defendant's] demeanor at trial"); and cf. the separate issue of the probative value of an accused's demeanor in court where sanity is in issue, Riggins v. State, 107 Nev. 178, 808 P.2d 535, 537 (1991), cert. granted, ___ U.S. ___, 112 S.Ct. 49, 116 L.Ed.2d 27 (1991) ("Other states that have considered this question all agree that the accused's demeanor has probative value where his sanity is in issue").
Contrary authority includes United States v. Schuler, 813 F.2d 978, 979-982 (9th Cir.1987) (in a two-to-one decision with a strong dissent, the majority held that government may not comment on a defendant's laughter during trial when the defendant has not testified, since defendant's demeanor is not a proper subject for comment under the Fifth Amendment); United States v. Carroll, 678 F.2d 1208, 1209-1210 (4th Cir.1982) (in a two-to-one decision, the majority held that comments upon defendant's unsworn actions of pointing to pictures of the bank robbery and explaining matters to his lawyer violated his Fifth and Sixth Amendment rights, and that a non-testifying defendant's demeanor in court may not be evidential nor properly the subject of comment; dissent accepted the trial judge's curative instruction); United States v. Wright, 489 F.2d 1181, *604 1186 (D.C. Cir.1973) (prosecutor may not "comment on the character of the accused as evidenced by his courtroom behavior;" defendant found portions of his trial for armed robbery and assault humorous, and other parts angered him to the point of shouting out, requiring his removal from the courtroom).
Faced with such a balance of conflicting cases, it is difficult to discern the thread of a common rule. We can, however, reach what appears to us to be a reasonable guideline for trial judges. We determine that if a defendant attempts to inject his unsworn comments into a trial by word, gesture, display of emotion, or other demeanor, such an affirmative act may fairly be the subject of limited comment noting the fact of the behavior and that the comment or demeanor should not be considered by the jury. There may be no reference to defendant's failure to testify under oath. Griffin v. California, 380 U.S. 609, 614, 85 S.Ct. 1229, 1232, 14 L.Ed.2d 106, 109 (1965), reh. denied, 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed.2d 730 (1965); State v. Schumann, 111 N.J. 470, 477, 545 A.2d 168 (1988). The court should charge concerning the fact of defendant's assertions or demeanor, advising the jury that they should not be considered. Where, however, the asserted demeanor is clearly passive, there should be no comment. State v. Johnson, supra, 120 N.J. at 295-296, 576 A.2d 834.
Where the evidence of a display of emotion is active, the trial judge is faced with a difficult decision. Did the defendant cry or laugh voluntarily? Can the action correctly be interpreted as nervousness, sadness, fear, remorse, glee, irony or some private emotion? The better rule in such cases is to prohibit any comment by the State unless the demeanor evidence is clearly injected as an unsworn attempt to influence the jury. A pleading type of crying directed at the jury may be a clear appeal for compassion or sympathy, and might justify some appropriate comment. A tearful sob during adverse testimony may not justify any comment.
*605 An absolute rule of prohibition might hamstring the State in the presentation of its case, giving a defendant free access to the jury without comment by the State. There is a difference, however, between commenting upon the fact of the behavior (as in the case before us), and casting aspersions on the defendant's choice not to testify. We direct, therefore, that in each situation a record be made of the behavior or statement by defendant before the State's comment, State v. Farrell, 61 N.J. 99, 102 n. 1, 293 A.2d 176 (1972), and that the court pass upon the State's intended comment before it is made. Cf. R. 1:7-3. In most cases a simple charge to the jury that it should disregard the defendant's comments or demeanor will suffice. Only in the clearest cases should the State be permitted some responsive comment, and then the comment must not infringe upon defendant's right not to testify.
In this case there may be some question whether defendant's crying was a voluntary act, but we find that the prosecutor's comments were reasonably innocuous. They primarily pointed out the fearful or contrite behavior of defendant in the courtroom, and asked the jury to remember the testimony concerning the self-assured woman who sold drugs to the undercover investigator. The comment was akin to asking the jury to compare a defendant's physical appearance in court with that at the time of the crime. There was no expressed or implied comment on defendant's failure to testify. We therefore see no intrusion on defendant's Fifth Amendment rights. Furthermore, even if permitting these comments were error, we find such error to be harmless. R. 2:10-2.
Next, defendant claims that the prosecutor improperly commented on the undercover officer's testimony, and stated "what does he have to gain, if anything, from telling you that he bought this cocaine from Luisa Rivera?" This comment falls far short of the impermissible comment that if he lied, a police witness' "career would be finished in a minute," criticized in *606 State v. West, 145 N.J. Super. 226, 233, 367 A.2d 453 (App.Div. 1976), certif. denied, 73 N.J. 67, 372 A.2d 332 (1977).
Defendant also challenges the DEDR penalties. However, State in the Interest of L.M., 229 N.J. Super. 88, 550 A.2d 1252 (App.Div. 1988), certif. denied, 114 N.J. 485, 555 A.2d 609 (1989), and the numerous cases that have followed it, have upheld this penalty. We concur with this precedent.
Lastly, defendant objects to the 11-year sentence imposed upon her as a first offender. The judge stated that his basis was deterrence, and the fact that he did not want to give a message to the community that a noncustodial or short sentence was part of the cost of doing business. He imposed the presumptive terms, without parole disqualifiers, but made them consecutive because the offenses occurred at different times. We find no basis to interfere with the judge's discretionary determination. State v. Jarbath, 114 N.J. 394, 401, 555 A.2d 559 (1989); State v. Roth, 95 N.J. 334, 364-365, 471 A.2d 370 (1984). We are still astounded that in a drug distribution case, a defendant can state that mitigating factors should have been that the conduct did not cause or threaten serious harm, or that defendant did not contemplate that such conduct would cause or threaten serious harm.
Affirmed.