DeMOSS, Circuit Judge,
dissenting:
Mendoza was convicted because the jury determined that he had guilty knowledge of the marihuana hidden in the fenders of the pickup truck driven by Castaneda. At trial, the Government argued that Mendoza’s calm demeanor at the border was circumstantial evidence of his guilty knowledge.[1]
In my opinion, the prosecutor’s comments during closing arguments comparing Mendoza’s calm demeanor at the border with his calm demeanor in the courtroom violated Mendoza’s Fifth Amendment due process right to have his guilt or innocence determined solely on the basis of the evidence introduced at trial.[2] Mendoza preserved this error, the district court improperly overruled his objection, and the district court did not give a cautionary instruction to the jury. After this objection was overruled, the prosecutor reiterated that the jury should consider Mendoza’s calm demean- or in the courtroom as evidence against him.[3]
I.
I believe that these comments prejudiced Mendoza’s substantive rights be *498 cause the prosecutor’s improper comments related to the most contested issue in the trial — Mendoza’s guilty knowledge of the hidden marihuana. Because the prejudicial effect of these comments was compounded by the absence of a cautionary instruction and the “less than overwhelming” evidence of guilty knowledge, I must respectfully dissent from the majority’s refusal to reverse Mendoza’s conviction and remand for a new trial. See United States v. Virgen-Moreno, 265 F.3d 276, 290-91 (5th Cir.2001).
II.
During closing argument, the prosecutor improperly compared Mendoza’s calm demeanor at the border with his calm demeanor in the courtroom in an effort to bolster the Government’s argument and discredit the defense’s argument regarding Mendoza’s guilty knowledge.
The majority postulates that “[a]t best, the prosecutor’s flawed effort encouraged a belief that Mendoza’s serial calmness was not proof of either guilt or innocence.” I believe that the prosecutor’s comments suggest that Mendoza acts calm in order to hide his guilt or nervousness. Alternatively, the prosecutor’s comments might suggest that Mendoza is always calm, so his calm demeanor at the border is not probative of his innocence, contrary to the argument of the defense. Reasonable jurors could have interpreted the prosecutor’s comments either way; however, both arguments rely upon inadmissible evidence to rebut a legitimate defensive theory, based on admissible evidence, that was raised by Mendoza during his closing argument. Regardless of the exact interpretation adopted by the jurors, we should not assume the best-case scenario in our prejudice analysis. If Mendoza’s calm demeanor in the courtroom was irrelevant to his guilt, or inconclusive, then the prosecutor would not have made the argument and then repeated it after Mendoza’s objection was overruled.
“A prosecutor may not directly refer to or even allude to evidence that was not adduced at trial.” United States v. Mur-rah, 888 F.2d 24, 26 (5th Cir.1989). During closing arguments, Mendoza argued that his calm demeanor at the border was indicative of lack of guilty knowledge when viewed in context with Castaneda’s nervous demeanor at the border. In my opinion, Mendoza’s right to a fair trial was substantially affected when the prosecutor argued that Mendoza’s calm demeanor at the border was indicative of guilty knowledge when viewed in context with Mendoza’s calm demeanor in the courtroom. The prosecutor wrongfully attempted to neutralize the persuasive value of Mendoza’s admissible comparison evidence — Castaneda’s nervous demeanor at the border— with inadmissible comparison evidence— Mendoza’s calm demeanor in the courtroom.
III.
Because the Government carries the burden of proof regarding the knowledge element, I believe the prosecutor’s improp *499 er comments constituted reversible error. In order to obtain a conviction, the Government was required to produce evidence that was sufficient to prove the knowledge element beyond a reasonable doubt. See United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir.1998). Because we don’t know what circumstantial evidence the jurors relied upon in arriving at their conclusions regarding the knowledge element, see United States v. Garza, 990 F.2d 171, 174 (5th Cir.1993), I believe the prosecutor’s comments cast “serious doubt on the correctness of the jury’s verdict.” See Virgen-Moreno, 265 F.3d at 290. The majority implies that other circumstantial evidence of guilty knowledge was sufficient to convict, yet it readily concedes that “we cannot actually know what the jurors made of the [prosecutor’s improper] argument.” The majority hypothesizes that the improper argument did not have much impact at all. Unfortunately, my crystal ball does not work as well as theirs.
IV.
I disagree with the majority’s attempt to distinguish United States v. Schuler by noting that the prosecutor’s improper comments were not related to Mendoza’s bad character and were not inflammatory. The majority is correct in arguing that bad character evidence is inherently inflammatory and creates a high risk of prejudice. See United States v. Anderson, 933 F.2d 1261, 1268 (5th Cir.1991); Fed.R.Evid. 404(a). Nevertheless, the prosecutor’s improper comments in this case also created a high risk of prejudice because they related to the most contested issue in the trial — Mendoza’s guilty knowledge of the hidden marihuana. Although the prosecutor’s improper comments did not suggest that Mendoza was “heartless or without remorse,” they did suggest that he was guilty of the crimes charged.
In my mind, it is irrelevant that the prosecutor’s improper comments related to Mendoza’s guilty knowledge of the hidden marihuana instead of his bad character. Our prejudice analysis must focus on the risk that the improper comments resulted in a wrongful conviction, not on the unsavory nature of those comments standing alone. Although the prosecutor’s improper comments probably would not evoke “guilty-because-of-bad-character” reasoning by the jurors, they could easily have evoked “guilty-because-of-calm-demeanor” reasoning. The Due Process Clause of the Fifth Amendment prohibits the prosecutor from referring to any evidence that was not introduced at trial, regardless of whether that evidence relates to bad character or guilty knowledge. See Carroll, 678 F.2d at 1209 (where the prosecutor’s improper comments related to the defendant’s discussion of bank surveillance photographs with his trial counsel, not his bad character).
V.
According to the majority, an improper comment that is “isolated” does not usually warrant reversal of a criminal conviction. See United States v. Hitt, 473 F.3d 146, 161-62 (5th Cir.2006). Although the majority characterizes the prosecutor’s improper comments as isolated statements contained within a twenty-minute closing argument, the prejudicial effect of those comments is magnified when one considers the prominent role that guilty knowledge played “in the context of the entire trial.” See Virgen-Moreno, 265 F.3d at 290.
VI.
Demeanor evidence in drug possession cases has a protean quality and dubious probative value. Indeed, we have previously recognized that “the character of a defendant’s reaction to scrutiny at the bor *500 der is a double-edged sword for the defendant.” United States v. Ramos-Garcia, 184 F.3d 463, 466 (5th Cir.1999). We have stated that nervous demeanor can indicate guilty knowledge, see United States v. Olivier-Becerril, 861 F.2d 424, 427 (5th Cir.1988), calm demeanor can indicate guilty knowledge, see United States v. Resio-Trejo, 45 F.3d 907, 913 (5th Cir.1995), nervous demeanor is a normal reaction to unusual circumstances and does not necessarily derive from an underlying consciousness of criminal behavior, see United States v. Williams-Hendricks, 805 F.2d 496, 500 (5th Cir.1986), and calm demeanor can provide equal circumstantial support for a finding of guilt or innocence, see Ortega Reyna, 148 F.3d at 544. The only way to reconcile these conflicting statements is to conclude that demeanor evidence is inconclusive unless viewed in the context of other admissible circumstantial evidence indicating guilty knowledge. See Ramos-Garcia, 184 F.3d at 466-67.
The prosecutor’s improper comments in this case exacerbated the pre-existing problems associated with demeanor evidence by insinuating that Mendoza’s calmness in the courtroom made his calmness at the border more probative of guilty knowledge. The Government attempted to bolster its admissible but weak circumstantial evidence of guilt with inadmissible and irrelevant evidence. I agree with the majority that Mendoza’s courtroom demeanor was not “in any sense legally relevant to the question of his guilt or innocence of the crime charged.” United States v. Wright, 489 F.2d 1181, 1186 (D.C.Cir.1973).
In this case, we don’t know whether admissible or inadmissible evidence tipped the balance in favor of the Government and led the jury to conclude that Mendoza’s calm demeanor was indicative of guilty knowledge. Although the majority optimistically speculates that the jury did not seriously consider the inadmissible evidence, our standard of review requires us to evaluate whether the improper comments “cast serious doubt on the correctness of the jury’s verdict,” not whether they conclusively undermined that verdict. See United States v. Iredia, 866 F.2d 114, 117 (5th Cir.1989). In my opinion, Mendoza successfully carried the substantial burden of establishing that this error warrants reversal of his conviction. See Vir-gen-Moreno, 265 F.3d at 290.
VII.
The majority criticizes me for characterizing the prosecutor’s improper comments as constitutional error and for not applying the Chapman standard of review: whether the constitutional error was harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Schuler, Carroll, Gatto, and Ahitow all explicitly state that this error is constitutional. Furthermore, Schuler and Carroll applied a constitutional error standard of review. See Schuler, 813 F.2d at 982 (applying the Chapman standard); see Carroll, 678 F.2d at 1210 (applying the Fahy standard, which was the predecessor to the Chapman standard). I discuss the Virgem-Moreno standard in my dissent because I believe the error is reversible regardless of whether the error is constitutional.
Although I believe that the prohibition on referring to evidence that was not adduced at trial has constitutional origins, some cases indicate that the prohibition is simply an exercise of the appellate court’s “supervisory powers over federal trials” on direct review. See Borodine v. Douzanis, 592 F.2d 1202, 1211 n. 6 (1st Cir.1979); see also Berger v. United States, 295 U.S. 78, 84-85, 89, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); United States v. Hasting, 461 U.S. *501 499, 505, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983); Willie v. Maggio, 737 F.2d 1372, 1390 (5th Cir.1984). Two cases cited by the majority state that the prosecutor’s comments were error without referring to the Constitution. See United States v. Pearson, 746 F.2d 787, 796 (11th Cir.1984); see United States v. Wright, 489 F.2d 1181, 1186 (D.C.Cir.1973). For our part, we have been less than clear regarding where this prohibition originated, see, e.g., Murrah, 888 F.2d at 26, and we have previously relied on Virgen-Moreno’s non-constitutional error standard when reviewing the prosecutor’s comments on facts not in evidence. See, e.g., United States v. Davis, 792 F.2d 1299, 1306-08 (5th Cir.1986).
Unlike a prosecutor’s comment on the defendant’s failure to testify, which is a violation of the Self-Incrimination Clause of the Fifth Amendment, see Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974), a prosecutor’s comment on facts not in evidence would fall within the category of a “generic due process violation,” see Rogers v. Lynaugh, 848 F.2d 606, 608 (5th Cir.1988), such that there is no constitutional error unless the “prosecutor’s comments so infected the trial with unfairness as to make the resulting conviction ... a denial of due process.” Id. (internal quotation marks omitted). In this circuit, “[t]he test applied to determine whether a trial error makes a trial fundamentally unfair is whether there is a reasonable probability that the verdict might have been different had the trial been properly conducted.” Id. at 609 (internal quotation marks omitted). In the context of prosecutorial misconduct, the error is constitutional “if the prosecutor’s remarks evince either persistent and pronounced misconduct or the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred.” Id. at 609 n. 7 (internal quotation marks omitted).
I do not believe that every comment on facts not in evidence is constitutional error; Schuler and Carroll clearly focused on the content and context of the improper statement. See Kirkpatrick v. Blackburn, 777 F.2d 272, 280 (5th Cir.1985) (noting that it is less difficult for a defendant to show that a trial error prejudiced his substantial rights than to show that the error abridged his constitutional rights by rendering his trial fundamentally unfair). However, based on the important role that demeanor evidence played in Mendoza’s trial, I believe that there is a reasonable probability that the verdict might have been different in the absence of the prosecutor’s comment and that this constitutional error requires reversal.[4] Compare Guidroz v. Lynaugh, 852 F.2d 832, 838 (5th Cir.1988), with Virgen-Moreno, 265 F.3d at 291 (both standards require consideration of the strength of the evidence supporting the conviction). The prosecutor’s comments, “in the context of the entire trial, were sufficiently prejudicial to violate [Mendoza’s] due process rights.” Donnelly, 416 U.S. at 639, 94 S.Ct. 1868.
VIII.
“This court has passed too many times on this kind of comment by prosecutors to permit it to continue by allowing it to be brushed under the rug under the harmless error doctrine.” United States v. Corona, 551 F.2d 1386, 1389 (5th Cir.1977). “It is as much [the prosecutor’s] duty to refrain from improper methods calculated to pro *502 duce a wrongful conviction as it is to use every legitimate means to bring about a just one.” Berger, 295 U.S. at 88, 55 S.Ct. 629. I believe the prosecutor’s comments violated Mendoza’s Fifth Amendment due process right to have his guilt or innocence determined solely on the basis of the evidence introduced at trial. Mendoza properly preserved this error, and the district court failed to give the requisite cautionary instruction. See Carroll, 678 F.2d at 1210 (“By allowing the prosecutor’s remarks to pass uncorrected, over defense counsel’s objection, ... the district court implied that the remarks were unobjectionable.”). Fairness and justice require reversal and remand. For these reasons, I respectfully dissent.

. At trial, the Government's witnesses testified that (1) Mendoza did not appear to be nervous during the primary inspection, (2) he appeared to feign sleep when the pickup truck entered the secondary inspection area, and (3) he did not appear to be nervous during the secondary inspection (until a drug-sniffing dog alerted to the front bumper).

. See Taylor v. Kentucky, 436 U.S. 478, 486, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978) (referring to "the accused’s constitutional right to be judged solely on the basis of proof adduced at trial”) (emphasis added); see United States v. Schuler, 813 F.2d 978, 981 (9th Cir.1987) ("We agree ... that [the prosecutor's] comments in the absence of a curative instruction, constitute a deprivation of the fifth amendment right to a fair trial.’’) (emphasis added); see United States v. Carroll, 678 F.2d 1208, 1209-10 (4th Cir.1982) ("It is clear that the prosecutor’s reference to the courtroom behavior of the defendant was improper.... He also had a Fifth Amendment right not to be convicted except on the basis of evidence adduced against him.... When, as here, the prosecutor describes the courtroom behavior of a defendant who has not testified, and then goes on to tell the jury that it may consider that behavior as evidence of guilt, the prosecutor violates those rights.”) (emphasis added); see United States v. Gatto, 995 F.2d 449, 455 (3d Cir.1993) ("When ... the prosecutor comments in closing on defendant’s courtroom conduct without any supporting evidence in the record, the defendant’s Fifth Amendment due process rights to a fair trial and to be judged solely on the basis of evidence admitted at trial are violated.”) (emphasis added); see Gomez v. Ahitow, 29 F.3d 1128, 1136 (7th Cir.1994) ("The prosecution may not, consistent with a defendant's due process rights ..., seek to obtain a conviction by going beyond the evidence before the jury.”) (internal quotation marks omitted) (emphasis added).

.Mendoza does not argue that the prosecutor’s comments were a comment on his failure to testify. Although a prosecutor’s comment on a defendant’s "expressionless *498 courtroom demeanor” is usually not a comment on his failure to take the stand, see Bishop v. Wainwright, 511 F.2d 664, 668 & n. 5 (5th Cir.1975), it might be depending upon the content and context of the statement. See Schuler, 813 F.2d at 981-82. In this case, I do not think the prosecutor’s comment was a comment on Mendoza’s failure to take the stand because the prosecutor’s "manifest intent” was to argue that Mendoza’s calmness in the courtroom was probative of his guilty knowledge of the hidden marijuana. See United States v. Grosz, 76 F.3d 1318, 1326 (5th Cir.1996). The jurors would not construe the prosecutor’s comments on Mendoza’s calmness in the courtroom as referring to his failure to testify. See Bishop, 511 F.2d at 668.

. Because the defendant must show the harmfulness of the error to establish a constitutional error, subsequent application of the Chapman harmless error test is "superfluous” because “the error obviously could not then be shown to be harmless.” Kirkpatrick, 777 F.2d at 280.