UNITED STATES of America, Plaintiff-Appellee,

v.

Richard T. SCHINDLER, Defendant-Appellant.

No. 79–1553.

United States Court of Appeals, Ninth Circuit.

Feb. 25, 1980.

John W. Spiegel, Asst. U. S. Atty., Los Angeles, Cal., argued, for defendant-appellant.

Tom G. Kontos, Los Angeles, Cal., argued, for plaintiff-appellee.

Before SNEED and TANG, Circuit Judges, and CAMPBELL,* District Judge.

SNEED, Circuit Judge:

Appellant seeks to overturn his conviction on seventeen counts of interstate transportation of funds obtained through fraud, wire fraud, mail fraud, obstruction of justice, conspiracy, and aiding and abetting in violation of 18 U.S.C. §§ 2314, 1343, 1341, 1503, 371, and 2. The evidence indicates that appellant operated "investment plans" in which an investor's high rate of return was provided by distributing the capital of subsequent investors. In accordance with the inexorable logic of such "plans," payments to investors came to an end; thereafter came investigation, then indictment, and finally conviction.

Appellant contends that his conviction should be overturned because certain statements and a question by the prosecutor prejudiced the jury and deprived him of a fair trial. Specifically, appellant argues that the prosecutor's opening statement, in which a witness was described as having been "concerned for the safety of her life and her family's life" if she made records available to the grand jury, and his question to that witness, in which he asked, "Did you ever have a conversation with Mr. Schindler during which the subject of contracts to kill someone arose?," were so prejudicial as to require a new trial. Appellant also complains of the prosecutor's reference during the examination of certain witnesses to the terms "Ponzi scheme" and "scheme."

Putting to one side for the moment the ethical duty to avoid suggesting inadmissible evidence to the jury, ABA Code of Professional Responsibility DR 7–106, and the similar mandate of Rule 103(c), Fed.R.Evid., prosecutors are acting imprudently when they jeopardize a possible conviction by cunningly attempting to place before the jury otherwise inadmissible evidence. The prosecutor in this case closely approached such imprudence.

However, his actions do not require reversal of the appellant's conviction. The prosecutor's opening statement was not objected to and the jury was admonished not to treat statements of counsel as evidence. Although evidence that appellant had threatened to kill the witness and others was excluded, the prosecutor's question did not explicitly suggest that appellant had threatened the witness with physical harm. Moreover, the court admonished the jury immediately after the question that questions of counsel are not evidence. Finally, the evidence of appellant's guilt independent of the prosecutor's comment and question was very strong indeed. Under these circumstances, we cannot say appellant did not receive a fair trial. See County of Maricopa of State of Arizona v. Maberry, 555 F.2d 207 (9th Cir. 1977); United States v. Cash, 499 F.2d 26 (9th Cir. 1974); United States v. Wells, 431 F.2d 432 (6th Cir.), cert. denied, 400 U.S. 967, 91 S.Ct. 380, 27 L.Ed.2d 388 (1970).

The appellant's complaints concerning the prosecutor's references to "Ponzi scheme" and "scheme" fare no better. The terms were fairly descriptive of the appellant's activities as charged in the indictment. Moreover, any prejudicial effect was cured by the trial court's admonition that the statements of counsel were not evidence.

Perhaps our view of this case can be summed up by observing that while prosecutors are not required to describe sinners as saints, they are required to establish the state of sin by admissible evidence unaided by aspersions that rest on inadmissible evidence, hunch, or spite. In this case the prosecutor came uncomfortably close to providing such impermissible aid.

Affirmed.

---

* Honorable William J. Campbell, Senior United States District Judge for the Northern District of Illinois, sitting by designation.