UNITED STATES of America, Plaintiff-Appellee,

v.

Scott SCHULER, Defendant-Appellant.

No. 85–5143.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 1986.

Decided March 26, 1987.

Richard M. Steingard, Los Angeles, Cal., for defendant-appellant.

Brian Hennigan, Los Angeles, Cal., for plaintiff-appellee.

Before BOOCHEVER, NORRIS and HALL, Circuit Judges.

BOOCHEVER, Circuit Judge:

The Opinion and Dissent in this case filed September 12, 1986, are hereby withdrawn.

## OPINION

Scott Schuler appeals his conviction for threatening the life of the President of the United States in violation of 18 U.S.C. § 871 (1982). At issue is whether, in closing argument, a prosecutor's reference to a non-testifying defendant's in-court behavior and demeanor, and his comment that the jury had all the admissible evidence before it constitute error. We find that it was reversible error to allow comment on the defendant's off-the-stand behavior, although the district court did not commit error in allowing the prosecutor to refer to "admissible" evidence.

## I. FACTS

On December 26, 1984, Schuler was arrested for attempting to shoplift in the Bullock's Department Store in Indio, California. Security agents took Schuler to the store offices to await police. After reaching the store offices, Schuler began a tirade of name calling, racial slurs, and assorted vulgar comments. His tirade continued when the Riverside County Sheriff arrived and as Schuler was escorted from the department store to the police car. When he arrived at the police station and was being taken from the police car, Schuler told the arresting officer that when the President came to town, he would get him. On the basis of this remark Schuler was charged with violating 18 U.S.C. § 871.

At trial the defense asserted that Schuler's remark was merely an expression of anger directed at the law enforcement officers, not a serious threat to the President, and therefore, under *United States v. Frederickson*, 601 F.2d 1358, 1364 (8th Cir.), *cert. denied*, 444 U.S. 934, 100 S.Ct. 281, 62 L.Ed.2d 193 (1979), did not constitute a violation of 18 U.S.C. § 871. The jury announced that they were unable to reach a verdict, and the trial resulted in a mistrial.

At a second trial, the same witnesses were called and the evidence was primarily the same. In closing argument, the prosecutor stated:

> [W]hile Mr. Schuler was being interrogated by the two security agents, Schuler made a number of racial comments about the number of people he was going to kill, a number of sexual comments. I noticed a number of you were looking at Mr. Schuler while that testimony was coming in and a number of you saw him laugh and saw him laugh as they were repeated.

Defense counsel immediately objected and the district court overruled the objection, instructing the jury that the prosecutor's argument was proper. The prosecutor in closing argument also stated several times that the jury had heard all the "admissible" evidence. No objection was made to these remarks during the closing argument, but before the jury instructions were given, Schuler asked for a mistrial based on those and other statements.

The jury found Schuler guilty.

## II. ANALYSIS

### A. PROSECUTORIAL COMMENT ON COURTROOM BEHAVIOR OF A NON–TESTIFYING DEFENDANT

The prosecutor's comment in closing argument on Schuler's laughter during testi-

mony about the threats Schuler made presents procedural and substantive questions. The procedural difficulty derives from the fact that there is nothing in the record indicating that the laughter did occur, although Schuler nowhere objects that it did not. It is very difficult for an appellate court to review an issue that is not grounded in the record. If counsel considers such an outbreak to be significant, he or she should ask the trial court to have it included in the record.

Assuming that the laughter did occur, we are faced with the substantive issue whether the failure to exclude the prosecutor's reference to Schuler's courtroom behavior constituted reversible error. This issue involves several facets, including whether such remarks (1) introduce character evidence solely to prove guilt, (2) violate a defendant's fifth amendment right not to be convicted except on the basis of evidence adduced at trial, and (3) violate fifth amendment rights by indirectly commenting on a defendant's failure to testify at trial. Although we usually review a trial court's discretion in controlling closing arguments for an abuse of discretion, *United States v. Guess*, 745 F.2d 1286, 1288 (9th Cir.1984), *cert. denied*, 469 U.S. 1225, 105 S.Ct. 1219, 84 L.Ed.2d 360 (1985), the issue here involves alleged violation of fifth amendment rights presenting a question of law subject to de novo review. *See United States v. McConney*, 728 F.2d 1195, 1202–04 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

■ The Ninth Circuit has not ruled whether it is error to permit a prosecutor

to comment on a defendant's courtroom behavior. Several other circuits, however, have held that such comment is reversible error and we find the rationale of those cases compelling.[1]

Federal Rule of Evidence 404(a) prohibits the introduction of evidence of the character of the accused solely to prove guilt. The prosecutor's remarks in effect did this by suggesting to the jury that Schuler's laughter was relevant apparently for the purpose of showing that he was of bad character because he considered the charges of threatening the life of the President to be a joke. The district court's comments in overruling Schuler's objections reinforced that suggestion. The jury may, also, have inferred that Schuler was, at the time of trial, of such a mental state that the President's life would be seriously jeopardized if Schuler were acquitted and allowed back on the streets. While the offense of threatening the life of the President requires proof of a "knowing and willful" act, 18 U.S.C. § 871, and to that extent involves proof of Schuler's mental state, his laughter at trial could not have any relevancy for that purpose.[2] His courtroom behavior off the witness stand was legally irrelevant to the question of his guilt of the crime charged.

The District of Columbia Circuit, when faced with a similar situation, reversed the conviction based in part on the prosecutor's reference to the defendant's courtroom behavior and the district court's refusal to instruct the jury that such behavior must not be considered. *United States v. Wright*, 489 F.2d 1181 (D.C.Cir.1973). The court stated:

references to a non-testifying defendant's demeanor or behavior present no constitutional issue.

---

1. Two circuits have rejected a challenge to a prosecutor's comments on the expressionless courtroom demeanor of a defendant in a habeas corpus context. See *Borodine v. Douzanis*, 592 F.2d 1202, 1210–11 (1st Cir.1979); *Bishop v. Wainwright*, 511 F.2d 664, 668 (5th Cir.1975), *cert. denied*, 425 U.S. 980, 96 S.Ct. 2186, 48 L.Ed.2d 806 (1976). Both cases perceived the major issue to be whether such comments necessarily reflected on the defendant's failure to take the witness stand and both concluded that the comments did not necessarily allude to the failure to testify. We do not disagree with that specific holding. We do not accept, however, any broader implication from those cases that

2. Insanity was not an issue at the trial. There are appropriate legal proceedings for restraining mentally ill individuals who are a danger to others. If Schuler was, at the time of trial, a danger to the President or others, California law provides for evaluation and involuntary commitment of individuals who constitute a danger to themselves or others. See Cal.Welf. & Inst. Code § 5150 (West 1984).

Unless and until the accused puts his character at issue by giving evidence of his good character or by taking the stand and raising an issue as to his credibility, the prosecutor is forbidden to introduce evidence of the bad character of the accused simply to prove that he is a bad man likely to engage in criminal conduct....

This basic principle cannot be circumvented by allowing the prosecutor to comment on the character of the accused as evidenced by his courtroom behavior. That the jury witnesses the courtroom behavior in any event does not make it proper for the prosecutor to tell them, with the court's approval, that they may consider it as evidence of guilt.

*Id.* at 1186 (citations omitted). We agree that such comments are improper. See also *United States v. Carroll,* 678 F.2d 1208, 1210 (4th Cir.1982) (citing *Wright* with approval).

We also conclude that, in the absence of a curative instruction from the court, a prosecutor's comment on a defendant's off-the-stand behavior constitutes a violation of the due process clause of the fifth amendment. That clause encompasses the right not to be convicted except on the basis of evidence adduced at trial. The Supreme Court has declared that "one accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds ... not adduced as proof at trial." *Taylor v. Kentucky,* 436 U.S. 478, 485, 98 S.Ct. 1930, 1934, 56 L.Ed.2d 468 (1978). We have recognized that a prosecutor may not seek to obtain a conviction by going beyond the admissible evidence. See *United States v. Schindler,* 614 F.2d 227, 228 (9th Cir.1980). The Eleventh Circuit in

*United States v. Pearson,* 746 F.2d 787 (11th Cir.1984), was confronted with a prosecutor's closing argument commenting on the defendant's behavior off the witness stand, as follows:

Does it sound to you like he was afraid? You saw him sitting there in the trial. Did you see his leg going up and down? He is nervous. (Appellant's objection overruled) You saw how nervous he was sitting there. Do you think he is afraid?

*Id.* at 796. The court found such comments were reversible error, adding that

[i]n overruling [the defendant's] objection and in failing to give a curative instruction, the court, in effect, gave the jury an incorrect impression that [the defendant's] behavior off the witness stand was evidence in this instance, upon which the prosecutor was free to comment.

*Id.* We agree with the holding of the Eleventh Circuit that such comments in the absence of a curative instruction, constitute a deprivation of the fifth amendment right to a fair trial. See *Strickland v. Washington,* 466 U.S. 668, 684–85, 104 S.Ct. 2052, 2062–63, 80 L.Ed.2d 674 (1984); *Estell v. Williams,* 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976).[3]

In addition, prosecutorial comment on a defendant's non-testimonial behavior may impinge on that defendant's fifth amendment right not to testify. We do not accept Schuler's contention that such comments in every case violate the right to remain silent because jurors would naturally take them to be comments on the failure of the accused to testify. See *Bishop v. Wainwright,* 511 F.2d 664, 668 (5th Cir. 1975), *cert. denied,* 425 U.S. 980, 96 S.Ct.

---

**3.** The dissent, to support its position that a defendant's courtroom demeanor is evidence, relies principally on cases where the defendant took the stand. *Reagan v. United States,* 157 U.S. 301, 15 S.Ct. 610, 39 L.Ed. 709 (1895); *Waller v. United States,* 179 F. 810 (8th Cir. 1910). When a defendant chooses to testify, a jury must necessarily consider the credibility of the defendant. In this circumstance, courtroom demeanor has been allowed as one factor to be taken into consideration. The dissent has also referred to a case involving a judge's observa-

tion of a defendant's demeanor during the sentencing phase of trial. *Russell v. United States,* 288 F.2d 520 (9th Cir.1961), *cert. denied,* 371 U.S. 926, 83 S.Ct. 296, 9 L.Ed.2d 234 (1962). At this stage different considerations, including general character, are relevant. The above examples obviously contrast with the present situation where the defendant in the trial phase asserted his right not to testify and where neither his credibility nor his character were relevant considerations.

2186, 48 L.Ed.2d 806 (1976). In fact, we doubt that jurors would construe the prosecutor's comment on Schuler's laughter as referring to his failure to testify. We are concerned, however, that such statements by the prosecutor during trial, or the fear of such statements in closing argument, will tend to eviscerate the right to remain silent by forcing the defendant to take the stand in reaction to or in contemplation of the prosecutor's comments. In effect the defendant would be compelled to testify to explain any actual or possible behavior that the prosecutor might bring to the jury's attention. While this pressure to testify may well be the exception, there is no reason for use of such comments that would justify even a slight opening of the door to an invasion of constitutional rights.

In referring to similar prosecutorial comments, the Fourth Circuit stated:

> It is clear that the prosecutor's reference to the courtroom behavior of the defendant was improper. It impugned defendant's Fifth and Sixth Amendment rights. Defendant had a Fifth Amendment right not to testify and he elected to exercise that right. He also had a Fifth Amendment right not to be convicted except on the basis of evidence adduced against him. Defendant had ... a Sixth Amendment right to a trial by jury.... In tandem, defendant had the right to a jury trial at which, if he elected not to testify, the fact of his presence and his nontestimonial behavior in the courtroom could not be taken as evidence of his guilt.
>
> When, as here, the prosecutor describes the courtroom behavior of a defendant who has not testified, and then goes on to tell the jury that it may consider that behavior as evidence of guilt, the prosecutor violates those rights.

*Carroll,* 678 F.2d at 1209–10. We agree. Moreover, particularly in view of the prior hung jury, we conclude that the error was not harmless beyond a reasonable doubt. See *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

### B. PROSECUTORIAL COMMENT THAT THE JURY HAD RECEIVED ONLY "ADMISSIBLE" EVIDENCE

The prosecutor told the jury several times that it had received the "admissible" evidence. Schuler asserts that such comments are improper because the jury could infer that additional inculpatory evidence was available which the court had not allowed the jury to hear. The government responds that the references were intended only to clarify a misleading argument by defense counsel that the prosecution had not wanted a critical witness to testify about an interrogation of Schuler, when it was Schuler who had successfully suppressed that evidence.

■ The trial court has broad discretion in controlling closing arguments, and, in the absence of an alleged violation of specific constitutional rights, we will apply an abuse of discretion standard of review. *United States v. Guess,* 745 F.2d at 1288. "The critical inquiry is whether, in the circumstances of the trial as a whole, the remarks were so prejudicial that they likely influenced the jury adversely to the defendant and deprived the defendant of a fair trial." *United States v. Patel,* 762 F.2d 784, 795 (9th Cir.1985). We find no indication that Schuler was prejudiced by the prosecutor's comment that the jury had received all admissible evidence, especially in light of defense counsel's rhetorical questions to the jury concerning the lack of testimony by the secret service agent—testimony suppressed upon defense motion.

### III. CONCLUSION

We conclude that in the circumstances of this case, the prosecutor's comments concerning "all the admissible evidence" was not error. We find, however, that where a prosecutor comments on the conduct of a non-testifying defendant and the judge overrules the resulting objection without giving a curative instruction, the defendant's character is improperly put at issue and his fifth amendment rights not to testify and not to be convicted except on the basis of the evidence admitted at trial are violated. Because the prosecutor's com-

ments could have influenced the jury's guilty verdict, the comments were not harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. at 24, 87 S.Ct. at 828. While we do not take the charged offense lightly, we find it necessary to reverse.

REVERSED.

CYNTHIA HOLCOMB HALL, Circuit Judge, dissenting:

The majority holds today that a prosecutor's comment in closing argument on the defendant's laughter during the testimony of other witnesses is reversible error. Because I believe that the courtroom demeanor of the defendant in this case is evidence that the jury could properly consider, I respectfully dissent from Section II.A of the majority's opinion.

I

The principle that a defendant's courtroom demeanor is evidence is well-settled. In *Russell v. United States,* 288 F.2d 520 (9th Cir.1961), *cert. denied,* 371 U.S. 926, 83 S.Ct. 296, 9 L.Ed.2d 234 (1962), this court observed that a trial court is in a much better position than an appellate court to determine whether the evidence in a particular case warrants a new trial. We noted that

> [t]he trial judge can see in the conduct and demeanor of one who testifies (or even in the conduct and demeanor of defendants who never take the witness stand, as the defendants did not here) a thousand and one matters impossible for a reviewing court to glean from a printed page.

*Id.* at 522. Likewise, in *Reagan v. United States,* 157 U.S. 301, 15 S.Ct. 610, 39 L.Ed. 709 (1895), the Supreme Court quoted with approval instructions that specifically ad-

vised a jury to consider the defendant's "demeanor and conduct upon the witness stand *and during the trial."* *Id.* at 308, 15 S.Ct. at 613 (emphasis added).[1] *See also Waller v. United States,* 179 F. 810, 812 (8th Cir.1910).

Sound policy reasons exist for allowing a jury to consider the courtroom demeanor of a defendant. As Wigmore noted: "[I]t is as unwise to attempt the impossible as it is impolitic to conduct trials upon a fiction; and the attempt to force a jury to become mentally blind to the behavior of the accused sitting before them involves both an impossibility in practice and a fiction in theory." 2 J. Wigmore, *Evidence* § 274 (J. Chadbourn rev. ed. 1979).[2] Taken to its logical conclusion, the majority's opinion would require a court to instruct a jury to reach its verdict as if the accused had not been present before it.

The majority relies on *United States v. Wright,* 489 F.2d 1181 (D.C.Cir.1973), *United States v. Carroll,* 678 F.2d 1208 (4th Cir.1982), and *United States v. Pearson,* 746 F.2d 787 (11th Cir.1984), for the proposition that it is reversible error for a prosecutor to comment on a defendant's courtroom behavior. To the extent that these cases stand for the broad principle that a defendant's courtroom demeanor is never relevant evidence, I believe they were incorrectly decided. However, a careful reading of the cases demonstrates that they are simply restating the standard contained in Fed.R.Evid. 404(a), namely, that "[e]vidence of a person's character ... is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion."

In *Wright,* the defendant was charged with bank robbery. During his closing argument, the prosecutor commented on the defendant's unruly courtroom behavior. The District of Columbia Circuit held that

---

1. Unlike the defendant in *Reagan,* Schuler chose not to testify. However, the *Russell* case, like this case, involved a non-testifying defendant. This court held that the demeanor of such a non-testifying defendant was relevant evidence.

2. *See also* H. Underhill, *Criminal Evidence* § 125 n. 9 (5th ed. 1956) ("Practically it is impossible to prevent jurors from observing the

appearance and behavior of the accused very closely while he is in court during the trial. They will naturally draw inferences therefrom either favorable or unfavorable to him. The information thus obtained is evidence, and, doubtless, many a verdict has been determined thereby.").

the defendant's behavior off the witness stand was not "legally relevant *to the question* of his guilt or innocence of the crime charged." 489 F.2d at 1186 (emphasis added). Similarly, in *Carroll,* a bank robbery case, the prosecutor commented on the fact that the defendant had examined bank surveillance photographs with his attorney during trial. The Fourth Circuit held that a defendant's courtroom demeanor could not be introduced *"solely* to prove guilt." 678 F.2d at 1210 (emphasis added).[3] Finally, in *Pearson,* the defendant was charged with possessing an unregistered silencer and possessing a silencer without a serial number. In closing argument, the prosecutor commented on the defendant's nervousness off the witness stand. The Eleventh Circuit held that "the defendant's behavior off the witness stand *in this instance* was not evidence subject to comment." 746 F.2d at 796 (emphasis added).

The majority incorrectly assumes that Schuler's laughter is evidence of his character offered solely to prove guilt. In fact, Schuler's laughter is relevant to another material issue in the case, Schuler's mental state. As such, the laughter is admissible under Fed.R.Evid. 404(b).[4] *Cf. Commonwealth v. Louraine,* 390 Mass. 28, 34, 453 N.E.2d 437, 442 (1983) ("[I]t is an established and universally accepted rule that, when a defendant's sanity is at issue, the trier of fact is entitled to consider the defendant's demeanor in court.").

Fed.R.Evid. 404(b) provides for the admission of other acts of the defendant in order to prove that he had the requisite intent for a crime. In this case, Schuler's intent at the time of the alleged threat was at issue; the defense asserted that Schuler's remark was an expression of anger at law enforcement personnel and not a serious threat to the President. Schuler's behavior in the courtroom was relevant evidence on the issue of intent and, hence, was admissible under Fed.R.Evid. 404(b).

The Ninth Circuit has consistently upheld the admission into evidence of other acts of a defendant where, as here, that defendant's mental state is at issue. For example, in *United States v. Hearst,* 563 F.2d 1331 (9th Cir.1977), *cert. denied,* 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978), this court affirmed the conviction of Patricia Hearst for robbing a bank in San Francisco. At trial, the defense claimed that Hearst was acting under duress at the time she committed the robbery. The trial court admitted evidence of subsequent criminal activities of the defendant in Los Angeles which undercut the defense. This court upheld the admission of the evidence under Fed.R.Evid. 404(b), noting that

> [a]ppellant's state of mind during the San Francisco robbery was the central issue in the case. State of mind is usually difficult to prove, and the evidence on the issue was sharply divided. The timing and other circumstances of the Los Angeles incidents made evidence of them highly probative on this critical issue.

563 F.2d at 1337.

Likewise, in *United States v. McCollum,* 732 F.2d 1419 (9th Cir.), *cert. denied,* 469 U.S. 920, 105 S.Ct. 301, 83 L.Ed.2d 236 (1984), this court affirmed the conviction of the defendant for bank robbery. At trial, the defense claimed that the defendant was acting under hypnosis at the time of the robbery. This court upheld the trial court's admission into evidence of a twelve year old conviction for armed robbery under Fed.R.Evid. 404(b): "Such a prior act can be probative of intent because the fact

---

**3.** The court in *Carroll* also relied on the fact that the prosecutor's comment violated both the defendant's right not to testify and his right to assist his counsel in his own defense. 678 F.2d at 1209. Neither of these factors is present here. The majority concedes it is doubtful that the jurors construed the prosecutor's comment on Schuler's laughter as referring to his failure to testify. Moreover, it is obvious that Schuler's laughter was not an attempt to assist his counsel in his own defense.

**4.** Fed.R.Evid. 404(b) provides as follows (emphasis added):

> Evidence of other crimes, wrongs, or *acts* is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, *intent* preparation, plan, knowledge, identity, or absence of mistake or accident.

that the defendant had an unlawful intent at the time he committed the extrinsic offense makes it less likely that he had a lawful intent when he performed the acts charged as the present offense." 732 F.2d at 1424. We then proceeded to state the general rule of law as follows: "Where the mental state to be inferred from undisputed overt acts of a defendant is the crucial issue, evidence of past criminal acts has generally been found insufficiently prejudicial to warrant exclusion." *Id.* at 1425.

In this case, Schuler's bizarre behavior in the courtroom lends credence to the government's claim that his threat was indeed serious. Moreover, the admission of Schuler's laughter is certainly less prejudicial than the admission of the *criminal* acts in *Hearst* and *McCollum.* The trial court did not abuse its discretion in allowing the jury to consider Schuler's laughter.[5]

## II

Even if the majority is correct in its holding that the prosecutor's remark during closing argument was improper, the statement must be evaluated in the context of other prejudicial statements made by overzealous prosecutors in their closing arguments. In *Darden v. Wainwright,* —— U.S. ——, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986), the Supreme Court established the standard for reviewing prejudicial remarks made by the prosecution during closing arguments: "The relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* 106 S.Ct. at 2472 (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974)). *See also United States v. Patel,* 762 F.2d 784, 795 (9th Cir.1985). This is a question of law reviewed de novo, *United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984), though we give considerable deference to the district

court's evaluation of the impact of the prosecutor's remarks on the jury, *United States v. McWilliams,* 730 F.2d 1218, 1222 (9th Cir.1984).

In *Darden,* the prosecutors made a series of prejudicial remarks to the jury concerning the defendant during their closing arguments. The prosecution stated, among other things, that: (1) the defendant was an "animal" who should not be "out of his cell unless he has a leash on him and a prison guard at the other end of that leash"; (2) "I wish I could see [the defendant] sitting here with no face, blown away by a shotgun"; and (3) "[t]he only thing [the defendant] hasn't done [to change his appearance] that I know of is cut his throat." 106 S.Ct. 2471–72 nn. 11 & 12. The Supreme Court stated that these comments "undoubtedly were improper." *Id.* at 2471–72. Yet, despite the highly personal and emotional nature of the prosecution's remarks, the Court held that the prosecutors committed no constitutional error and therefore that the defendant was not deprived of a fair trial under the due process clause. *Id.* at 2473.

I disagree with the majority's conclusion that Schuler was denied his fifth amendment right to a fair trial. Comparing the many offensive remarks made in *Darden* to the single comment made by the prosecutor here concerning the defendant's laughter, I conclude that there was no due process violation. Surely the majority does not hold that the introduction of inadmissible evidence is a per se violation of the fifth amendment. To so hold would be to elevate a single violation of the Federal Rules of Evidence into a constitutional violation.

I therefore dissent from Section II.A. of the majority's opinion.

---

**5.** The majority erroneously applies a de novo standard of review. A trial court's decision on the admissibility of evidence under Fed.R.Evid. 404 should be reviewed for an abuse of discretion. *United States v. Hearst,* 563 F.2d 1331, 1337 (9th Cir.1977), *cert. denied,* 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978).