958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alton Clark BINGHAM, Defendant-Appellant.
 No. 91-10191.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 13, 1992.
Decided March 18, 1992.
 
 Before TANG, PREGERSON and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alton Clark Bingham appeals his convictions before a jury on tax evasion and other charges relating to proceeds derived from a sale of land and the cashing of treasury checks. Bingham contends that the district court erred in its instructions to the jury, that the court improperly admitted hearsay testimony, and that the United States Attorney engaged in prosecutorial misconduct. We affirm Bingham's convictions.
 
 
 3
 * In challenging the jury instructions, Bingham contests the district court's refusal to instruct the jury on defendant's theory of the case. We disagree. The trial court chose chose to instruct the jury in language different from that proposed by Bingham. Accordingly, we review the district court's decision refusing Bingham's proposed instructions only for an abuse of discretion. See United States v. Faust, 850 F.2d 575, 582-83 (9th Cir.1988).
 
 
 4
 As a defense to counts two through thirteen of the indictment, Bingham asserted that if he had signed the Lopps' names on the checks, then he did so with the Lopps' authorization, or with a good faith belief that he was so authorized. A similar defense was presented in the Faust case. See 850 F.2d at 583. In Faust, we concluded that
 
 
 5
 the trial court's instruction on forgery adequately addressed the issue of authority. The instructions required the jury to find that the endorsement was "written or signed without the payee's permission or authority." This was adequate to insure that the jury would not find Faust guilty if it believed, as Faust argued, that one Gerald Neuman had given him authority to endorse the check.
 
 
 6
 Id. We also held that "[t]he trial court's instructions on ... forgery adequately covered the elements of good faith." Id.
 
 
 7
 In this case, the trial court's definition of "forgery" provided an adequate explanation of authority. The language of the instruction not only parallels language approved in Faust, it also details the significance of a defendant's good faith belief in possessing authority to act. The instructions are thus far more solicitous of the defendant than those approved in Faust, where the court simply relied on the definition of the term "knowingly" to provide an explanation of good faith. Id. As in Faust, the evidence and the accepted instructions were sufficient to allow Bingham to argue to the jury his good faith belief in authority to sign the checks. The district court did not abuse its discretion in refusing Bingham's proposed instruction.[1]
 
 II
 
 8
 Bingham also challenges the district court's ruling that certain testimony elicited by the government was admissible pursuant to the residual hearsay exception in Federal Rule of Evidence 804(b)(5). Even assuming that this ruling was incorrect, and that it violated Bingham's right of confrontation, we find any error to be harmless beyond a reasonable doubt. See United States v. Payne, 944 F.2d 1458, 1472 (9th Cir.1991) (stating that an erroneous admission of hearsay must be harmless beyond a reasonable doubt to affirm conviction).
 
 
 9
 Bingham introduced Winand's written report to show two discrepancies between the report and Davidson's testimony. Defense counsel wished first to argue that Davidson's testimony was more emphatic than the Winand report in concluding that Bingham signed the Odell Lopp endorsement to the treasury checks. Second, defense counsel was concerned that, unlike Winand, Davidson was able to conclude that Eva Lopp did not sign her name on the checks.
 
 
 10
 The hearsay testimony of Agent Wadsworth of the out-of-court declarant Winand did not significantly affect the defense's ability to argue that Davidson's testimony should not be credited in light of inconsistencies with the Winand report. The only gap in the Winand report filled by Wadsworth's hearsay testimony was Winand's failure in the written report first to exclude the possibility that Odell Lopp himself had signed his endorsement on the checks. Thus, the two inconsistencies remained for Bingham to argue.
 
 
 11
 Furthermore, the hearsay statement admitted by the trial court was cumulative of other evidence. Davidson's unhesitant opinion that "the Odell Lopp signature was written by Alton Bingham" implied what the hearsay statement made explicit: Odell Lopp himself did not sign the endorsements. In fact, Mr. Lopp testified to this himself. On the whole, Wadsworth's hearsay testimony was harmless beyond a reasonable doubt.
 
 III
 
 12
 Because attorneys are allowed reasonably wide latitude in making their closing arguments, improprieties during argument will not yield reversible error "unless they are so gross as to probably prejudice the defendant, and the prejudice is not neutralized by the trial judge." United States v. Lester, 749 F.2d 1288, 1301 (9th Cir.1984). A prosecutor's remarks during closing argument are reviewed only for plain error in the absence of an objection by defense counsel. United States v. Gwaltney, 790 F.2d 1378, 1383 (9th Cir.1986), cert. denied, 479 U.S. 1104 (1987).
 
 A. Argument to Which Bingham Objected
 
 13
 Bingham raised six objections during the prosecutor's closing argument. On appeal, Bingham challenges the district court's ruling on objections concerning the prosecutor's references to Bingham's failure to present exculpatory evidence. Bingham contends that these references improperly shifted the burden of proof and commented on Bingham's failure to take the stand. We disagree; the trial court did not abuse its discretion in denying a mistrial.
 
 
 14
 Initially, the court allowed the prosecutor to point out omissions in the defendant's case because Bingham did in fact present a case of his own. When the prosecutor persisted in relying on this argument, the court twice instructed the jury on the burden of proof, and finally disallowed any further argument along these lines. Thereafter, the prosecutor refrained from making any such references. And, as the court promised, the jury was again instructed on the burden of proof before retiring to deliberate. Any impropriety in the prosecutor's remarks was cured. See United States v. Marsh, 894 F.2d 1035, 1040 (9th Cir.1989), cert. denied, 493 U.S. 1083 (1990).
 
 
 15
 Regarding Bingham's contention that the prosecutor referred to the defendant's failure to testify, it cannot be said that the prosecutor's remarks "manifestly intended to call attention to the defendant's failure to testify, or [are] of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." Lincoln v. Sunn, 807 F.2d 805, 809 (9th Cir.1987). In Lincoln, the prosecutor repeatedly made references to the "only ... person who can tell us." Id. at 809 n. 1. These are not the kind of comments made by the prosecutor in this case. Although the prosecutor used such words as "uncontroverted" and "uncontradicted," the evidence to which the prosecutor referred could have been refuted by evidence other than defendant's testimony. Cf. Williams v. Lane, 826 F.2d 654, 665 (7th Cir.1987) ("Prosecutorial references to 'uncontradicted' testimony are more readily deemed indirect references to the defendant's failure to testify in cases where it is highly unlikely that at least a portion of the testimony could have been contradicted by anyone other than the defendant.") (quotation and citation omitted).
 
 B. Argument to Which Bingham Did Not Object
 1. References to Bingham's Character
 
 16
 By her remarks during argument, a prosecutor might bring a defendant's character into evidence by referring to matters which are before the jury for other purposes; such remarks are improper. United States v. Perry, 857 F.2d 1346, 1353 n. 10 (9th Cir.1988) (remarks concerning prior conviction); United States v. Schuler, 813 F.2d 978, 980-81 (9th Cir.1987) (remarks concerning off-the-stand, courtroom behavior). On appeal, Bingham charges for the first time that the government improperly referred to his character during closing argument.
 
 
 17
 "A cautionary instruction, explaining to the jury that the defendant was not on trial for any conduct not alleged in the indictment, might ... diminish[ ] the prejudicial impact" of improper references to a defendant's character. United States v. Roenigk, 810 F.2d 809, 816 n. 2 (8th Cir.1987), cited in Perry, 857 F.2d at 1353 n. 10. An adequate instruction was given in the present case. On the whole, the references to Bingham's character were not plain error.
 
 
 18
 2. References to Facts Not Supported by the Record
 
 
 19
 It is improper for a prosecutor to argue based on facts not supported by evidence admitted at trial. United States v. Polizzi, 801 F.2d 1543, 1558 (9th Cir.1986). Bingham challenges the government's assertion of three facts during its closing argument: (1) the Odell Lopp endorsements were "traced"; (2) "it appeared that it might have been the defendant" who signed the Eva Lopp endorsements; and (3) the forged nature of an IRS levy showed Bingham's intent to defraud. Regarding the third purported fact, there is sufficient evidence on which to find an intent to defraud apart from the forged levy. Regarding the second fact, the government concedes that it misspoke in describing the evidence. However, with regard to both this factual assertion and the others, there is no plain error. The district court instructed the jury at length that arguments and statements by lawyers are not evidence.
 
 
 20
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The decision in United States v. Lewis, 592 F.2d 1282 (5th Cir.1979), is not to the contrary. In Lewis, the Fifth Circuit reversed the defendant's conviction based on a jury instruction that foreclosed defendant's theory of the case. Id. at 1286-87