UNITED STATES

v.

Kenneth J. JACKSON, 147–62–6010 Seaman Apprentice (E–2), U.S. Navy.

NMCM 91 02236.

U.S. Navy–Marine Corps Court of Military Review.

Sentenced Adjudged 6. Dec. 1990.

Decided 29 March 1994.

LCDR Helen B. Thompson, JAGC, USN, Appellate Defense Counsel.

LT J.C. Foster, JAGC, USNR, Appellate Government Counsel.

LT K.A. Ludwig, JAGC, USNR, Appellate Government Counsel.

Before REED and ORR, Senior Judges, and LAWRENCE, J.

ORR, Senior Judge:

The issues in this case concern (1) a military judge's *sua sponte* responsibility to give an instruction on a possible defense of mistake of fact to the offense of rape and (2) the propriety of a trial counsel commenting during argument before findings about the courtroom demeanor of an accused who did not testify on the merits. As to the former, we have concluded that the evidence did not reasonably raise the defense of mistake of fact, and as to the latter, we have determined that the trial counsel's comment was harmless beyond a reasonable doubt.

Contrary to his pleas, the appellant was convicted by a panel of officer members of conspiring to commit rape and of rape in violation, respectively, of Articles 81 and 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 920. He was sentenced to confinement for 6 months, forfeiture of all pay and allowances, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged. In the course of our review of the

record of trial under Article 66, UCMJ, 10 U.S.C. § 866, the appellant has raised two assignments of error.[1]

## I.

█ In his first assignment of error, the appellant complains that the military judge did not *sua sponte* instruct the members on the possibility of a mistake of fact defense to the charge that the appellant raped a female shipmate. The appellant did not request such an instruction even though (1) the question was raised during a discussion of possible instructions, record at 388–90, and (2) during his argument on the merits, the trial defense counsel discussed the evidence on this issue in the context of the victim's credibility about her relationship to the appellant and the lack of consent, record at 421–24.

█ As the U.S. Court of Military Appeals has pointed out on several occasions, an honest and reasonable mistake of fact as to the victim's consent is a possible defense to a charge of rape and the military judge must instruct on that defense, even in the absence of a defense request to do so, if it is reasonably raised by the evidence. *See United States v. Sellers,* 33 M.J. 364 (C.M.A.1991); *United States v. Peel,* 29 M.J. 235, 241–42 (C.M.A.1989), *cert. denied,* 493 U.S. 1025, 110 S.Ct. 731, 107 L.Ed.2d 750 (1990); *United States v. Gamble,* 27 M.J. 298, 308 (C.M.A. 1988); *United States v. Taylor,* 26 M.J. 127, 128 (C.M.A.1988); *United States v. Carr,* 18 M.J. 297, 301 (C.M.A.1984); Rule for Courts–Martial (R.C.M.) 916(j).

In the case before us, the appellant did not testify on the merits, and in the only statement attributed to him after the offense was committed, he acknowledged that sexual intercourse with the victim had occurred (at the off-base party he and the victim were at) but denied that it was with him. Record at 172. The only evidence that the appellant might have held a belief that the victim had consented to sexual intercourse stems from

the testimony of others concerning the victim's behavior at the party before the alleged rape occurred. The Government's first witness, a girl friend of the victim and one of the three other women besides the victim who organized the party, testified that the victim was highly intoxicated, that she saw the victim sitting on the laps of male friends at the party, that some might interpret the victim's behavior as "coming on" to them, but that she never saw the victim "come on" to the appellant. Record at 186–87. Another Government witness who was at the same party testified that he saw the victim kiss one man and hug others, that he considered this "coming on" to them, but that he neither saw the victim hug the appellant nor was the appellant in the room when the victim kissed the one man. Record at 261–63. A third witness, testifying in behalf of the appellant, said that he saw the appellant at the party and that he believed the appellant was in the same room when the victim came over to the witness, sat in his lap, was hanging all over him, kissed him, and told him she would show him "a good time in the bedroom." He also testified that shortly after this had occurred, he saw the victim go over to another man and sit in his lap, but he did not see this behavior directed toward the appellant. Record at 368–69.

The Government raised some significant issues concerning the credibility of this last witness, but in assessing the merits of the appellant's assertion concerning the possible existence of a mistake of fact defense, we have accepted the truth of his testimony. What this evidence fails to do, however, is to support any basis on which the appellant could have entertained an honest and reasonable belief that the victim had consented to sexual intercourse with him. To the contrary, there was considerable testimony from the victim and others that the appellant was merely an acquaintance of the victim who was stationed aboard the same ship and happened to work on the mess decks at the same

---

1. I. THE MILITARY JUDGE ERRED BY NOT GIVING THE MEMBERS, *SUA SPONTE,* AN INSTRUCTION ON THE MISTAKE OF FACT DEFENSE SINCE EVIDENCE IN THE RECORD PLACED APPELLANT AND CO–CONSPIRATOR'S STATE OF MIND IN ISSUE.

II. TRIAL COUNSEL COMPROMISED APPELLANT'S RIGHT NOT TO TESTIFY AT TRIAL BY EQUATING APPELLANT'S PRETRIAL SILENCE AND LOSS OF COMPOSURE TO ADMISSIONS OF GUILT.

time as the victim. There was no evidence of any prior relationship between them, no evidence that any of the victim's earlier behavior at the party was ever directed at the appellant, and no evidence that the appellant overheard the "good time in the bedroom" remark attributed to her by the defense witness. Moreover, in the half an hour or so preceding the alleged rape, the victim was so intoxicated and so sick she had been in the bathroom (where the offense occurred) either trying to vomit or "virtually passed out" on, around, in, or over the toilet or the bathtub.

We conclude that the evidence presented did not reasonably raise the defense of mistake of fact and, consequently, that the military judge did not err in failing to give an instruction on that issue. *See Sellers,* 33 M.J. at 369; *Carr,* 18 M.J. at 302.

## II.

■ In his second assignment of error, the appellant points out that in making his closing argument in rebuttal before findings, the trial counsel told the members they should construe the appellant's silence when confronted by one of the victim's friends shortly after the rape occurred as an indication of his guilt and the appellant's tears in the courtroom as an indication of the appellant's remorse and guilt. In making his remark about the appellant's tears, the trial counsel's actual words were: "The government would assert that [the appellant's silence when confronted by the witness] is admitting guilt, and so were the tears that you saw earlier on the accused, if you noticed them. Those are of remorse and guilt." Record at 427.

Although the military judge instructed the members to disregard the trial counsel's reference to the appellant's silence in the face of the accusation,[2] he did not mention the reference to the appellant's tears. Record at 438. The trial defense counsel voiced no objection to either the trial counsel's remarks or the limited scope of the judge's curative instruction. The appellant now contends that the

trial counsel's reference to the appellant's non-verbal act during trial violated the appellant's right against self-incrimination and that the members were free to infer his guilt based upon that display of emotion.

The U.S. Army Court of Military Review recently addressed a situation where an accused had not testified on the merits and in closing argument the prosecutor commented on the accused's demeanor during trial. *United States v. Kirks,* 34 M.J. 646 (A.C.M.R.1992). The Army Court found the comments to be objectionable on three separate grounds: "(1) they argue facts not in evidence; (2) they violate Military Rule of Evidence 404(a) by using character evidence solely to prove guilt; and (3) they violate the fifth amendment by indirectly commenting on the accused's failure to testify." 34 M.J. at 653 (citing *United States v. Schuler,* 813 F.2d 978, 980–81 (9th Cir.1987)). Kirks' trial defense counsel had objected to the trial counsel's argument but only on the constitutional ground, and the military judge gave curative instructions. The Army Court concluded that the instructions overcame the constitutional error, that any objection on the other two grounds was waived, and that the improper comment was not plain error under the circumstances of that case. *Id.*

The U.S. Court of Appeals in *Schuler,* however, found that in the absence of a curative instruction the prosecutor's comments about the defendant's laughter when certain evidence of his guilt was being offered violated *the due process clause* of the fifth amendment and deprived Schuler of his right to a fair trial. 813 F.2d at 981. The Court of Appeals went on to say:

> *In addition,* prosecutorial comment on a defendant's non-testimonial behavior may impinge on that defendant's fifth amendment right not to testify ... [but] [w]e do not accept ... [the] contention that such comments in every case violate the right to remain silent because jurors would natu-

2. The Government asserts that it is not impermissible for the trial counsel to comment on an accused's silence in the face of an accusation by a witness and cites *United States v. Stanley,* 21 M.J. 249 (C.M.A.1986), and *United States v. Flecha,* 539 F.2d 874 (2d Cir.1976). In light of the military judge's instruction and the absence of any contention by the appellant that the members disregarded that instruction, we need not address this aspect of the trial counsel's argument.

rally take them to be comments on the failure of the accused to testify.

*Id.* (emphasis added and citation omitted). The Court of Appeals concluded, nevertheless, that the remark about the defendant's laughter during trial did impugn Schuler's right not to testify and determined that the error was not harmless beyond a reasonable doubt. *Id.* at 982.

In contrast to the Ninth Circuit's decision in *Schuler*, the U.S. Court of Appeals for the Fifth Circuit has applied a plain error analysis to a prosecutor's remarks during argument about the defendant's laughter when testimony about his misbehavior was being heard. *United States v. Wicker*, 933 F.2d 284, 291 (5th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991). The Fifth Circuit distinguished *Schuler* based upon the fact that Wicker's defense counsel did not object to the comments about Wicker's laughter and did not request a curative instruction. *Id.* We also note that although the district court judge in *Wicker* gave a curative instruction concerning other improper argument by the prosecutor, he did not instruct the jury on how they should consider the comments about Wicker's laughter. *Id.* at 290. In these respects, *Wicker* more closely resembles the circumstances of the case now before us.

■ The U.S. Supreme Court and the U.S. Court of Military Appeals, however, are clear in holding that assessments of violations of an accused's right to remain silent under the fifth amendment are to be made under a "harmless beyond a reasonable doubt" analysis. *United States v. Hastings*, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *United States v. Remai*, 19 M.J. 229 (C.M.A.1985). Consequently, we have applied that standard of review even though we are reluctant, in the context of his entire argument, to conclude that the

trial counsel's remark about the appellant's tears in the courtroom was a comment on the appellant's failure to testify.[3] Having applied that standard in light of the substantial evidence against the appellant, we are convinced beyond a reasonable doubt that the error was harmless.

We will nevertheless repeat the Army Court's statement in *Kirks* that "[a] trial counsel who comments on the demeanor of a nontestifying accused in his closing argument is 'strolling in a minefield.'" 34 M.J. at 653 (citation omitted). As the U.S. Court of Appeals stated in *Schuler*: "[An accused's] courtroom behavior off the witness stand ... [is] legally irrelevant to the question of his guilt of the crime charged." 813 F.2d at 980.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge REED and Judge LAWRENCE concur.

---

3. The trial counsel clearly intended the members to consider the appellant's courtroom behavior as evidence of the appellant's guilt when it was not. Only by a series of inferences could the members have considered the comment as addressing the appellant's failure to testify. Nevertheless, if we analyzed this case based upon the member's possible consideration of improper evidence, we would conclude that the trial defense counsel waived any objection on evidentiary grounds and that the comment did not constitute plain error under the facts of this case. *See United States v. Frady*, 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 1592 n. 14, 71 L.Ed.2d 816 (1982); *United States v. Fisher*, 21 M.J. 327, 328 (C.M.A.1986).