69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Isabel ORTEGA, Defendant-Appellant.
 No. 95-50220.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1995.*
Decided Oct. 26, 1995.
 
 1
 Before: POOLE and O'SCANNLAIN, Circuit Judges, and MARQUEZ,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Isabel Ortega appeals her conviction, following a jury trial, for two counts of bringing in an illegal alien in violation of 8 U.S.C. Sec. 1324(a)(2)(B)(ii), (iii). Ortega raises two arguments on appeal: (1) the district court erred by admitting evidence from a law-enforcement officer regarding the dangerousness of the trunk compartment holding the illegal aliens; and (2) the government committed prosecutorial misconduct during its closing argument. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 * Ortega argues that the district court abused its discretion by allowing Immigration and Naturalization Service Special Agent Stethem's testimony regarding the dangerousness of the trunk compartment holding the illegal aliens because it was not relevant and was highly prejudicial. The court did not undertake to balance this evidence under Fed.R.Evid. 403. We need not reach the merits of this argument, however, because we conclude that any error was harmless.
 
 
 5
 The government presented overwhelming evidence of Ortega's guilt. United States Customs Inspector Hudgens testified that Ortega stopped the vehicle she was driving at a check point near the San Ysidro Port of Entry. After receiving Ortega's consent to search the trunk, Inspector Hudgens saw a person in the trunk. A subsequent search at a secondary inspection point revealed that two persons were in the trunk--a woman and her nine-month-old baby. INS Inspector Woodington testified that Ortega confessed to smuggling the illegal aliens in her vehicle to receive two hundred dollars. The government also presented numerous witnesses who completely discredited Ortega's story at trial that, although she later changed her mind about smuggling the illegal aliens, an individual nicknamed "Periquin" threatened physical harm to her and her children if she did not do so. We conclude that, given the overwhelming evidence of Ortega's guilt, the testimony regarding the dangerousness of the trunk was harmless. See United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991) (improperly admitted testimony harmless error where overwhelming evidence demonstrated the defendant's guilt); see also United States v. Bishop, 1 F.3d 910, 911 (9th Cir.1993) (similar).
 
 II
 
 6
 Ortega also argues the government committed prosecutorial misconduct during its closing argument by (1) referring to her as a liar, (2) expressing personal opinions regarding her guilt, (3) arguing facts not in evidence, and (4) making comments regarding her courtroom behavior. Because Ortega did not object contemporaneously to the prosecutor's comments, we review for plain error. See United States v. Sehnal, 930 F.2d 1420, 1425 (9th Cir.), cert. denied, 502 U.S. 908 (1991).
 
 
 7
 Our careful review of the transcript provided in the supplemental excerpts of the record reveals the following: This case essentially boiled down to contradictory testimony regarding Ortega's alleged duress defense. Therefore, the prosecutor could properly argue that Ortega's testimony was not true. See United States v. Birges, 723 F.2d 666, 671-72 (9th Cir.) (no plain error where prosecutor argued that defendant's testimony contained lies and that his duress defense was replete with fabrication), cert. denied, 466 U.S. 943, and cert. denied, 469 U.S. 863 (1984); see also United States v. Molina, 934 F.2d 1440, 1445 ("In a case that essentially reduces to which of two conflicting stories is true, it may be reasonable to infer, and hence to argue that one of the two sides is lying.") The prosecutor's comments regarding Ortega's veracity were neither excessive nor improper. See Birges, 723 F.2d at 672. Nor did the prosecutor improperly express a personal opinion on Ortega's guilt. The prosecutor's attempt to explain that Ortega acted like a guilty person upon the discovery of the illegal aliens in her trunk was a reasonable inference drawn from the evidence. See United States v. Necoechea, 986 F.2d 1273, 1279-80 (9th Cir.1993) (prosecutor's reasonable inferences drawn from the record did not constitute vouching). Similarly, the prosecutor's comments that Ortega "stuffed" a baby girl and her mother into the trunk of the car and that Ortega was a "street-wise woman" were merely the prosecutor's characterization of permissible inferences which also could be drawn from the evidence. See id. Finally, the prosecutor's comments regarding Ortega's courtroom behavior--crying only on direct examination and showing no fear when Periquin entered the courtroom--does not constitute reversible error. Cf. United States v. Schuler, 813 F.2d 978, 980-82 (9th Cir.1987) (prosecutor's comment on non-testifying defendant's courtroom behavior constituted reversible error).
 
 
 8
 To the extent Ortega argues that cumulative effect of the alleged improper remarks rise to the level of plain error, we disagree. We again note that the evidence was overwhelming against Ortega, and that the district court instructed the jury not to consider the arguments and statements of counsel as evidence in this case. See United States v. McChristian, 47 F.3d 1499, 1508 (9th Cir.1995) (prosecutor's closing argument did not constitute plain error where, among other things, the evidence of the defendants' guilt was overwhelming and the court instructed the jury that counsel's arguments were not evidence). Accordingly, we hold that the prosecutor's argument did not rise to the level of plain error.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We grant Ortega's motion to file a supplemental excerpt of record. The supplemental excerpts of record received on September 25, 1995 is ordered filed
 
 
 **
 The Honorable Alfredo C. Marquez, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3