**Brandon Lavelle SANTIFER,**
**Petitioner–Appellant,**

v.

**M. EVANS, Warden, Respondent–Appellee.**

No. 08–15611.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2009.

Filed Feb. 19, 2009.

Mark Eibert, Esquire, Half Moon Bay, CA, for Petitioner–Appellant.

Michael David Dolida, Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: SCHROEDER, CANBY and HAWKINS, Circuit Judges.

## MEMORANDUM *

Brandon Lavelle Santifer ("Santifer") appeals the state court's exclusion of hearsay testimony, which he claims violated his constitutional rights under *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).[1] Under *Chambers*, "the hearsay rule may not be applied mechanistically to defeat the ends of justice" where "constitutional rights directly affecting the ascertainment of guilt are implicated." *Id.*

Unlike the excluded confession by a third party in *Chambers*, which "bore persuasive assurances of trustworthiness," *id.,* the excluded testimony here was a self-serving statement made by the defendant after he had already taken steps to conceal his involvement in the crime. Santifer's defense at trial was to claim he shot Travell Collins in self-defense because he thought Collins was holding a gun. Santifer argues that if his friend Lester Jones had been allowed to testify that Santifer told him, several minutes after the shooting, that Collins had a gun, the jury may

have been more inclined to believe that was honestly Santifer's belief. The state trial judge found Santifer's statement to Jones was motivated by his desire to escape punishment, however, and was not a reliable spontaneous utterance because it was not made while Santifer's reflective powers were still "in abeyance." The state court's factual findings are not contradicted by "clear and convincing evidence," and we defer to them. *See* 28 U.S.C. § 2254(e)(1).

Also, unlike *Chambers*, the excluded testimony here was not "critical" to the defense. *See Chambers*, 410 U.S. at 302, 93 S.Ct. 1038. Santifer testified in his own defense that he believed Collins was holding a gun. If Jones's testimony had been admitted, it would have corroborated what Santifer claimed to have said to Jones, but not whether Santifer truly believed that Collins's cell phone was a gun or whether such a belief was objectively reasonable. Jones's statement would therefore have been largely cumulative with Santifer's own testimony and was not critical to the defense.

The exclusion of Jones's testimony also did not have a "substantial and injurious effect or influence" on the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Even if the jury had heard and credited the excluded testimony, the undisputed physical evidence shows that Santifer shot Collins roughly a dozen times, including several shots in the back after Collins was already on the ground. The evidence also suggests that Santifer reloaded the gun before continuing to fire at Collins. The jury heard and apparently rejected Santi-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Santifer also argues that the state court misapplied state law pertaining to exceptions

to the hearsay rule, but it "is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

fer's proffered explanation that he undertook all of these actions in self-defense. We find no indication that allowing the jury to hear unreliable hearsay evidence that Santifer told the same story to a third-party several minutes after the shooting might have changed its verdict.

■ Citing *Herring v. New York,* 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), Santifer also argues he was denied his constitutional right to a fair trial because the trial court instructed his counsel not to refer in closing argument to another case, which involved police officers in the same area mistaking a cell phone for a gun. Although Santifer is correct that closing argument "is a basic element of the adversary factfinding process in a criminal trial," a closing argument need not "be uncontrolled or even unrestrained." *Herring,* 422 U.S. at 862, 95 S.Ct. 2550. "The presiding judge must be and is given great latitude in controlling the duration and limiting the scope of closing summations" and "may ensure that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial." *Id.* It is not an abuse of discretion to require counsel to confine his remarks to the record and prohibit counsel from making references to other cases. *United States v. Spillone,* 879 F.2d 514, 518 (9th Cir.1989); *see also United States v. Schuler,* 813 F.2d 978, 982 (9th Cir.1987).

Santifer cites *Conde v. Henry,* 198 F.3d 734 (9th Cir.1999), and *United States v. Kellington,* 217 F.3d 1084 (9th Cir.2000), for the proposition that counsel may not be prevented from arguing his theory of the defense. Here, however, the trial court explicitly allowed the defense counsel to argue his theory of the defense—that a cell phone could be mistaken for a gun—and instructed him only to avoid referencing specific cases because doing so would have required the jury to consider factual circumstances not in evidence in order to determine how closely circumstances in the other cases resembled Santifer's.

The state court rejected Santifer's argument because the specific facts he sought to introduce from an unrelated case were not before the jury and were not commonly known. We presume this factual determination to be correct unless the presumption is rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Although the other case received some news coverage in the area, that fact alone does not constitute clear and convincing evidence that the relevant factual details of the case were commonly known. The state court did not abuse its discretion. For these reasons, the district court's denial of Santifer's petition for habeas corpus is **AFFIRMED.**