**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESSE QUINN HARRISON,

Defendant - Appellant.

No. 13-10634

D.C. No. 2:13-cr-00290-GMS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted March 11, 2015
San Francisco, California

Before:  BERZON, BYBEE, and OWENS, Circuit Judges.

Jesse Quinn Harrison appeals his conviction for two counts of making

threats against the President of the United States in violation of 18 U.S.C. § 871,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and the fifteen-month sentence imposed thereon.  We affirm in part and dismiss in part.[1]

**1.** Harrison argues that the district court plainly erred in permitting the prosecutor, without objection from defense counsel, to mischaracterize the subjective intent element of the crime in her closing argument.  We conclude the prosecutor did not misstate the law.  Even if she had, Harrison is unable to show the prejudice required for reversal.  *See United States v. Begay*, 673 F.3d 1038, 1046-47 (9th Cir. 2011) (en banc).  The prosecutor's alleged misstatements were preceded by correct statements of law, both by the court in the jury instructions and by the prosecutor in her closing argument, and followed by correct statements of law by the prosecutor and defense counsel in their respective closing arguments. *See id.* at 1046; *United States v. Medina Casteneda*, 511 F.3d 1246, 1249-50 (9th Cir. 2008) (no plain error where the jury instructions properly defined the relevant law and no other evidence overcame the presumption that the jury accepts the law as stated by the court).  The fact that prior juries had failed to convict Harrison on these charges does not convince us to conclude otherwise.  *See United States v.*

---

[1] The government's motion to strike Harrison's errata to his opening brief is denied.

*Powell*, 469 U.S. 57, 65 (1984). *Contra United States v. Schuler*, 813 F.2d 978, 982 (9th Cir. 1987).

**2.** The district court did not abuse its discretion in admitting evidence of uncharged, dismissed, or acquitted threats under Rule 404(b). The prior acts were probative of Harrison's intent and motive, and that probative value outweighed any risk of unfair prejudice to Harrison, particularly in light of the limiting instructions given.

**3.** The district court did not err in imposing a two-level sentencing enhancement because "the offense involved more than two threats." U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2A6.1(b)(2)(A) (2013). Contrary to Harrison's argument, the Guideline does not require the district court to specifically find that prior threats are "relevant conduct" under U.S.S.G. § 1B1.3 prior to applying the enhancement. Prior threatening acts may be considered so long as they have a substantial and direct connection to the offense. U.S.S.G. § 2A6.1 cmt. n.1; *see United States v. Neal*, 776 F.3d 645, 660 (9th Cir. 2015). The record shows at least two threats beyond those for which Harrison was convicted that had a substantial and direct connection to the offenses of conviction.

13-10634

**4.** Harrison acknowledges that his appeal is moot insofar as it challenges a particular condition of supervised release imposed in his original sentence, and which no longer applies.

As to Harrison's challenge to the condition of supervised release that no longer applies, the appeal is **DISMISSED**. In all other respects, the conviction and sentence are **AFFIRMED**.

13-10634